GEE v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

80  283
32a 644
80  283
51a 487

**Railroad**: NEGLECT TO FENCE: EVIDENCE. Direct evidence that stock passed through a defective place in the fence, is not required to sustain an action against a railroad for double damages for injuries to the stock, occasioned by the escape of the latter on the roadway at a place where defendant neglected to maintain a lawful fence.

*Appeal from Madison Circuit Court.*—HON. J. H. NICHOLSON, Judge.

AFFIRMED.

*Smith & Krauthoff* with *T. J. Portis* for appellant.

Appellant's refused instructions should have been given. *Cecil v. Railroad Co.*, 47 Mo. 246, and cases cited; *Luckie v. Railroad Co.*, 67 Mo. 245, and cases cited; Shearman & Redfield on Neg., § 462; *Nance v. Railroad Co.*, 79 Mo. 196.

*B. B. Cahoon* for respondent.

Appellant's instructions were properly refused. *McFarland v. Rosenberg*, 42 Mo. 439; *Deere v. Plant*, 42 Mo. 45; *Walther v. Railroad Co.*, 55 Mo. 376, 377; *Fickle v.*

*Railroad Co.*, 54 Mo. 225, 226; *Aubuchon v. Railroad Co.*, 52 Mo. 522.

HOUGH, C. J.—This is a suit to recover damages for injuries inflicted, by an engine and cars of defendant, upon a mule belonging to the plaintiff. The plaintiff had judgment before the justice and in the circuit court, and the defendant has appealed. No objection is made in this court to the sufficiency of the statement, and indeed the only matter alleged as error, is the refusal of the court to give certain instructions asked by the defendant, which will be noticed hereafter.

It appears, from uncontradicted testimony, that the mule in question was in a pasture adjoining the right of way of the defendant, and the fence of the defendant separating the right of way from the pasture, was old, decayed and broken in numerous places; the posts were rotten and would not hold nails; in some places the planks were off, or fastened only at one end. Many panels would not sustain the weight of a man, and could be easily thrown down by slight pressure against them. There were bars also, which were defective and insufficient; they would fall down upon being rubbed against, and were sometimes shaken down by the wind. There is not the slightest intimation in the record, that any other fence around the pasture was defective or insufficient. The mule was shown not to be "breachy;" it was not "a jumping mule." It was last seen at noon in the pasture; and on the following morning at eight o'clock was found near the railroad track badly injured. The testimony tended to show that it was struck by the cars in the night.

The court trying the case without the aid of a jury, declared the law to be, that the defendant was entitled to a reasonable time in which to repair the fence, after notice of any defects therein, before it would be liable for any damages sustained in consequence of such defects. This instruction is more favorable to the defendant than the rule

laid down in *Clardy v. Railroad Co.*, 73 Mo. 576, will war-rant.

The following declarations of law asked by the defendant, were refused by the court:

3. The court, sitting as a jury, declares the law to be that the defendant is not liable to the plaintiff for injury done his mule by reason of there being no sufficient bars or gates made and erected by defendant at the farm crossing, unless the plaintiff has proved that the mule entered upon the road-bed of defendant's railroad through such bars and was struck and injured by defendant's engines or cars.

4. The court, sitting as a jury, declares the law to be that if the defendant had erected a fence along the sides of its railroad where plaintiff's mule was found hurt, and the fence was broken down at different places, the plaintiff cannot recover without proof showing that the mule entered upon the road-bed of defendant's railroad through one of the places where said fence was broken.

Unless we resort to conjecture and ignore all the testimony delivered at the trial, it is impossible to conceive of any means by which the mule got upon the defendant's track, except through the defective fence or bars between the pasture and the railroad. The court doubtless construed the language employed in both of the refused instructions, to mean, that it devolved upon the plaintiff to prove by direct testimony that the mule escaped from the pasture through one of the broken places in the fence or through the bars, and in view of the testimony adduced, this was doubtless the construction which the defendant's counsel intended they should bear. It is morally certain that the mule did get upon the railroad track in consequence of the defects in the defendant's fence, and the court was warranted in so finding; indeed, the court could not have found otherwise. Direct testimony that the mule passed through a broken place in the fence or through the defect-

ive bars, onto the defendant's track, is not required, and we see no error in refusing the two instructions asked.

All the judges are of opinion that the judgment of the circuit court should be affirmed.