George E. McBride, Respondent, v. Kansas City, St. Joseph & Council Bluffs Railway Company, Appellant.

Kansas City Court of Appeals, January 4, 1886.

1. Railroads—Killing of Stock—Failure to Fence—Evidence. It is not essential to a recovery, under the statute requiring railroad companies to erect and maintain a fence along the sides of their road (sect. 809, Rev. Stat.), that there should be direct evi-

dence that the animal entered through the broken fence. It is a fact which may be gathered and inferred from all the surrounding circumstances of the case.

2. ——— UNINCLOSED LAND—CASE ADJUDGED.—In this case, the proof fails to show that the defendant's land was inclosed (by fencing), or that the land between it and another railroad was inclosed.

APPEAL from Buchanan Circuit Court, HON. JOSEPH P. GRUBB, Judge.

*Affirmed.*

The case and facts are stated in the opinion of the court.

E. S. GOSNEY, with STRONG & MOSMAN, for the appellant.

I.   Under the statute (section 809, Revised Statutes), defendant was not required to construct a fence between its right of way and that of the Hannibal & St. Joseph Railway Company. *Schable v. R. R.*, 69 Mo. 91; *Walton v. R. R.*, 67 Mo. 56; *R. R. v. Brown,* 23 Ill. 94; 27 *Ib.* 30, 48. The statute is penal, and should be strictly construed. *Parish v. R. R.*, 63 Mo. 284; *Tiarks v. R. R.*, 58 Mo. 45; *Cary v. R. R.*, 60 Mo. 209. "It was intended to afford protection to adjoining proprietors in respect to their stock and crops" (78 Mo. 532), not for the protection of strangers. *Giles v. R. R.*, 55 N. H. 552.

II.   Plaintiff *must show* that the *place* where his steer entered upon the railroad was one where the company was required by law to fence its road. *Whitlehouse v. R. R.*, 64 Mo. 524; *Nance v. R. R.*, 79 Mo. 196; *Asher v. R. R.*, 79 Mo. 432; *R. R. v. Lyon*, 72 Ind. 107. There can be no presumptions in plaintiff's favor here. It is only in the absence of evidence to the contrary that presumption of negligence is indulged. *Walthers v. R. R.*, 55 Mo. 276; *Fickle v. R. R.*, 54 Mo. 225; Wharton on Negligence, sect. 421.

III.   The evidence would not warrant the inference that the injury was caused by any defect in the fence. The evidence leaves it wholly uncertain. *Wood v. R. R.*,

57 Wis. 201. Negligence followed by an injury is not sufficient. *Harlan v. R. R.*, 65 Mo. 25; *Henry v. R. R.*, 76 Mo. 290.

IV. Defendant's instructions should have been given, and it was error to refuse them. *Walthers v. R. R.*, 78 Mo. 617; *R. R. v. McKee*, 43 Ill. 119.

GREER & BURNES, for the respondent.

I. It was the duty of defendant to erect and maintain fences along the line of its road, although it abutted upon or adjoined the right of way of a parallel road. *Rutledge v. R. R.*, 78 Mo. 286; *Rozzelle v. R. R.*, 79 Mo. 350. Besides this, the finding of the jury is sustained by the evidence that the steer could have gone on the track, through a defect on the east side of the road, where defendant's duty to fence is not denied. Direct evidence that the animal passed through the defective fence is not required. *Gee v. R. R.*, 80 Mo. 283.

II. The instructions asked by defendant were properly refused. Some of them are not law, and some assume facts not proven, and omit evidence of other facts, and some declare there was no evidence, because there was no *direct* evidence, but *abundant circumstantial* evidence.

III. There was evidence sufficient to sustain the verdict, and any matter of defence must be shown by the railroad company. *R. R. v. Clark*, 94 Ind. 111.

IV. The issues were fairly tried, and the verdict was for the right party, and this court will not interfere.

PHILIPS, P. J.—This is an action to recover damages against the defendant, a railroad corporation, for an injury to a steer, the property of plaintiff. The action is founded on section 809, Revised Statutes. The injury is alleged to have resulted from defendant's failure and neglect to fence its road where the same runs through uninclosed land. The case was tried before the court sitting as a jury. Judgment for plaintiff. Defendant brings the case here by appeal.

I. The first contention of appellant is, that the point where the steer entered upon the road was not un-inclosed land, but, on the contrary, the same was in-closed. The basis for this contention depends on the following facts: At the point in question, the defend-ant's road runs north and south, and parallel with the Hannibal & St. Joseph railroad company; the defendant, being east of the Hannibal road, and their respective rights of way abutting each other. This would leave between the tracks a space of about one hundred feet. On the east side of defendant's road it had built a fence, and on the west side of the Hannibal road it had built a fence. Between the two roads there was no fence. At a public road crossing, from one-half to one mile north of the point in question, there were cattle guards on each of the roads, with which they connected the parallel fences by cross fences, so as to effect an inclosure at that point. But the evidence, as preserved in the bill of exceptions, does not show, as counsel for defendant assert, that south of said point there are any such cattle guards or cross fences connecting the two railroad fences.

Even, therefore, if the statute admitted of the con-struction contended for by appellant, which we do not now concede, the proof fails to show that the defendant's road was inclosed, or that the land between it and the other road was inclosed.

II. The remaining errors assigned by appellant turn principally upon the evidence. Assuming that the fence built by the Hannibal road should be treated as if built by itself, defendant contends that the evidence wholly fails to show that the steer entered upon the track of defendant through any defect in either fence. The plain-tiff lived on the west side of the Hannibal road, only a short distance from it, and the point where his steer was injured. The uncontradicted evidence is, that near his premises the fence, in two or three places, built by the Hannibal road, was in such wretched condition that for some time prior and up to the time of the injury, cattle

passed through it onto the railroad tracks, and that plaintiff had to keep his cattle away from there to prevent their escaping onto the railroad. The plaintiff's steer was at home, and was seen by plaintiff, a short time before the injury, either the day or morning before. The steer was found badly mangled near defendant's track. Had there been no other proof in the case, I think this was sufficient to have warranted the court in submitting the issue to a jury. It is held in *Gee v. Railway Company* (80 Mo. 283), that it is not essential to a recovery under this statute that there should be direct evidence that the animal entered through the broken fence. It is a fact which may be gathered and inferred from all the surrounding circumstances of the case. From the fact that plaintiff's steer, when last seen, was near home, and on the side of the fence where this defect existed, and from the fact that plaintiff's cattle had been through there, rendering it necessary to guard them from it, are facts, not mere conjectures, from which a jury might not unreasonably infer that the steer did enter there, if there were no other facts or circumstances in evidence repelling such inference.

Counsel for defendant assert that there was a gate in this fence, about three hundred yards north of the point where the steer was found, and that it was frequently left open by passers, and that the steer may have escaped through it onto the track. But there is no evidence in the record that this gate was left open. The evidence related only to a gate in the defendant's fence on the east side. The only witness that spoke to this issue was defendant's trackman, who stated that he knew nothing about the fence on the Hannibal side of the road, as he did not regard that as pertaining to his duties as trackman for defendant. If, however, we accept defendant's contention as correct, that the steer did not escape through the fence on the west side, the conclusion would reasonably follow that it must have entered either through or over defendant's fence. To do so the steer would have passed over the public road crossing on the

north, and turned south on the east side of defendant's fence. Plaintiff's evidence tended strongly to show that prior to, and at the time of the injury to his steer, a short distance north of the gate two wires were down in defendant's fence, so as to easily admit the passage of cattle through, and that cattle were in the habit of passing through the break onto the railroad track. On the day of the injury, tracks of cattle were traced from this opening in the fence to, or near, the point of collision with this steer. It is true, as defendant contends, that it cannot positively be said that these tracks were made by plaintiff's steer. But it may reasonably be affirmed that "they are footprints pointing that way." The fence was defective, and cattle had passed through it on to the track of defendant. The steer was found, crippled, on defendant's side, and there were such tracks from the hole in the fence toward the point on defendant's road where this steer was run down. As no such tracks were found, after examination, pointing to any other opening in the fence, was it not a collateral fact or circumstance, satisfactorily proven, from which the principal fact in controversy might reasonably be deduced? If so, it was properly a question of fact for the determination of the jury. Defendant again interposes the fact that the gate, just south of this break in the fence, was often left open, and that its evidence tended to show that it was found open on the morning the steer was injured. But whether the trackman so found it open before or after he discovered the steer crippled, does not satisfactorily appear. It devolved on defendant, in view of the state of plaintiff's proof, to make this fact apparent. Defendant's proof, in this connection, was further unsatisfactory in that it does not appear that any cattle tracks were found passing through the gateway. It cannot be maintained on this state of the proofs that it was less reasonable for the triers of the facts to find that the steer entered through the opening in the fence than through the gate. Coming, as the steer must, if he entered on defendant's side, from the north, the first opening in the fence he

encountered would have been the place where the wires were down. And as cattle had been in the habit of en-, tering there, as shown by plaintiff's evidence, is it not more probable the steer would avail himself of the first opportunity, than that he passed on south to discover if the gate were open, especially when there is no evidence tending to show that cattle had been in the habit of escaping onto the railroad through the gate?

We are referred to several adjudications in other states touching similar state of facts. But it will be found, that while the principles of law governing such questions may be quite universal, each case is made to depend so much on its own peculiar facts that the conclusion reached by one court on the special facts before it would be a very unsafe criterion in another case presenting other controlling incidents and facts. The observations made by the judge delivering the opinion in one case may be wholly inapplicable where an important fact appears in another case not found in the first.

III. There was abundant evidence in this case from which the trial judge was warranted in finding that the collision occurred on defendant's track.

IV. As applied to the facts of this case, the court properly rejected the declarations of law asked by defendant.

The judgment is affirmed. All concur.