Maxwell, Executor, v. Evans et al.

No. 8219.

MAXWELL, EXECUTOR, v. EVANS ET AL.

BANKRUPTCY.—*Partnership.*—*Trusts.*—*Fraud.*—The phrase "fiduciary character," in sec. 5117, R. S. U. S., applies only to technical trusts, and not to agents, bailees or factors; nor will the fraud of a partner prevent the discharge of a bankrupt, himself guilty of no act involving moral turpitude.

PLEADING.—*Statute.*—*Exception to.*—If an enacting clause of a statute contains an exception, it must be negatived by the pleader who seeks to bring his case within the statute; if clearly negatived by the facts pleaded, it is sufficient without express words.

From the Parke Circuit Court.

*D. H. Maxwell* and *S. D. Puett*, for appellant.

*R. S. Tennant* and *L. D. Thomas*, for appellees.

ELLIOTT, J.—The complaint of the appellant charges that the appellees were private bankers; that she deposited with them bonds of the United States for safe-keeping; that they agreed with her to keep the bonds safely, to detach and collect for her the coupons; that they fraudulently appropriated the bonds and coupons to their own use. To this complaint Evans answered, admitting that his co-defendants were his partners as charged, and averring that the bonds were left in charge of the defendant William S. Magill; that, of the possession or sale of the bonds by Magill, he, Evans, had no knowledge whatever; that there were no entries on the partnership books showing the receipt or sale of the bonds; that in December, 1874, the members of the partnership were adjudged bankrupts; that appellant's claim existed on and prior to that time; that she filed it against the bankrupt's estate and received a dividend; that afterwards the appellee was duly awarded a discharge.

It is no doubt true that where an exception is contained in the enacting clause of a statute, it must be negatived by the pleader who seeks to bring his case within the statute, but it is not necessary that this should be done in express words; it is sufficient if the facts pleaded clearly negative the exception.

The phrase "fiduciary character," as used in section 5117 of the bankrupt law of 1867, means only technical trusts; it does not apply to the cases of agents, bailees or factors. *Du Pont* v. *Beck*, 81 Ind. 271; *Palmer* v. *Hussey*, 87 N. Y. 303; *Scott* v. *Porter*, 93 Pa. St. 38; S. C., 39 Am. R. 719, auth. n.

The provision in section 5117 of the bankrupt law, which declares that "No debt created by the fraud or embezzlement of the bankrupt," shall be discharged by the bankruptcy proceedings," does not apply to one who is himself guilty of no wrong, although he may be liable for loss resulting from the fraud because of his relations to the person by whom it was perpetrated. That provision operates upon the guilty and not upon the innocent. It was not the intention of Congress to deny to honest men the benefit of the law, but to prevent dishonest men from escaping the consequences of their own corrupt acts, by securing a discharge under its provisions. A man may be liable to an action for the fraud of his agent or partner, and yet be himself free from any participation in the fraud. One partner may be an embezzler and amenable to punishment, and the other be guiltless of wrong, but yet liable in a civil action for loss resulting from his partner's crime. It by no means follows that because a man is liable to a civil action for the fraud of his partner, he is also liable to suffer punishment for that fraud, or that he is to be denied rights accorded to honest men because of the partner's guilt. The courts are well agreed that the provision under immediate mention is to be restricted to cases of actual and positive fraud. In *Neal* v. *Clark*, 95 U. S. 704, the court, after speaking of the association of the word *fraud* with the word *embezzlement*, said: "Such association justifies, if it does not imperatively require, the conclusion that the 'fraud,' referred to in that section means positive fraud, or fraud in fact, involving moral turpitude or intentional wrong, as does embezzlement; and not implied fraud, or fraud in law, which may exist without the imputation of bad faith or immorality." To the same effect is our own case of *Hamilton* v. *Reynolds*, 88

Ind. 191, where it was held that the fraud meant by the bankrupt law is such as involves intentional wrong.   These cases illustrate the current of judicial thought, and to them we add *Shattuck* v. *Haworth*, 91 Pa. St. 449 ; *Palmer* v. *Hussey*, *supra*; *Hennequin* v. *Clews*, 77 N. Y. 427 (33 Am. R. 641).   It can not be justly held of one who is bound to respond in damages because he is the partner of another, that he must, for that reason, suffer all the consequences of that other's fraud.  Still less reason is there for affirming that one who has done no corrupt act, but has had the misfortune to become associated with a dishonest partner, is guilty of fraud involving moral turpitude and intentional wrong, because an act involving these elements has been done by the partners.   So far as concerns the character of the fraudulent act, it affects solely the person by whom it was done; it does not affect the mind or morals of the person whose only relation to the act is that he is the business partner of the wrong-doer.

The debt is created by a fraud in cases where one partner, without the knowledge of his copartners, fraudulently appropriates money entrusted to the keeping of the firm; but the moral wrong is solely on the part of the partner who makes the fraudulent appropriation; for there can be no moral turpitude on the part of the partner who is entirely ignorant of the receipt and appropriation of the money.  If, then, the law excludes only those who are guilty of moral wrong, it can not reach a partner entirely innocent of the fraud of his copartner. A debt may be created by fraud, or arise out of a technical trust, and yet persons liable for the debt may, nevertheless, receive the benefit of the bankrupt law.  *McDonald* v. *State, ex rel.*, 77 Ind. 26.

We regard the answer as sufficient, and as that of Samuel Magill is, in legal effect the same, it is also held good.

There is no showing that the bill of exceptions was filed within the time given by the court, and, consequently, it can not be regarded as forming a part of the record.

Judgment affirmed.