LEPP v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

1. **Railroad : KILLING STOCK : EVIDENCE.** In an action against a railroad company for double damages for killing stock, proof that the animal was killed at a point a quarter of a mile from the depot, beyond the switch limits, where the road was fenced on one side, but not on the other, is, *prima facie,* sufficient to show that the killing did not occur within the limits of an incorporated town, or at a public crossing.

2. ——— : ——— : ———. It need not be shown, by direct evidence where the animal strayed upon the railroad track. Proof that it was killed at a point where there was no fence, but where the company was in duty bound to fence, is sufficient to take the case to the jury.

*Appeal from Jefferson Circuit Court.*—HON JOHN L. THOMAS, Judge.

AFFIRMED.

*Geo. H. Benton* for appellant.

The court erred in its instructions to the jury, and in refusing to instruct the jury as requested by defendant. *Walthers v. Ry.,* 78 Mo. 671 ; *Morris v. Ry.,* 79 Mo. 371 ; *Rowland v. Ry.,* 73 Mo. 619 ; *Edwards v. H. & St. J. Ry.,* 66 Mo. 567 ; *Green v. Ry.,* 60 Mo. 405 ; *Cousin v. Ry.,* 66 Mo. 567 ; *Elliott v. Ry.,* 66 Mo. 683 ; *Campbell v. Ry.,* 78 Mo. 642.

*J. W. Pipkin* for respondent.

The court did not err in its instructions to the jury,

nor in refusing defendant's instruction and its demurrer to the evidence. *Wade v. Ry.*, 78 Mo. 362; *Rowland v. Ry.*, 73 Mo. 319. The plaintiff made out a *prima facie* case, and the burden of proof was upon the defendant to show that the cow was killed within the switch limits or within the limits of an incorporated town.

BLACK, J.—Suit for double damages under section 809, Revised Statutes, 1879, for killing a cow. The suit was commenced in a justice's court. On trial in the circuit court the evidence showed that the railroad, and its parallel switch, run north and south, at Vineland station. The switch extended both ways from the depot. The cow was thrown from the track by the cars at a point about a quarter of a mile south of the depot, and thirty to forty yards south of the southern end of the switch. She was found with one leg broken at that point, and from twenty to thirty yards west of the railroad. There was a board fence at this point, on the east side of the road, a half a mile in length, but at what point it began on the north, is not shown. On the west side of the road, where the cow was thrown off, there is no fence. Vineland is a small place, and the buildings are south and east of the depot. One witness says "There was a sign where she hit the ground ; don't think there was any blood there ; there was no sign there except where she scrambled off; the mark I saw was toward the south." Plaintiff lived, or there is evidence tending to show he lived, thirty-five or forty yards south of the depot. There is evidence of one house on the west side of the depot.

At the request of the plaintiff the court instructed the jury "that if you believe from the evidence in this cause, that the cow in question strayed upon defendant's track in Valle township, Jefferson county, Missouri, at a point where the railroad runs along or by unenclosed fields, and *where there was no road crossing, or depot, or switch*, and where there was no fence on one side of

said road, and that said cow strayed upon said track, because there was no fence on one side thereof, and was there killed by defendant's cars, then you will find the issues for the plaintiff."

The court overruled a demurrer to the evidence, and refused to give, at the request of the defendant, the following instruction: "If the jury believe from the evidence that the cow in question got on the track at, or near, the residence of the plaintiff, in Vineland, and that it was killed in consequence of going on the track, then they will find for the defendant."

It is contended, by the defendant, that there is no evidence that the cow did not stray upon the track in a town or city, and if in error as to that, then the refused instruction should have been given, and thereby submit that question to the jury. Railroads are not required to fence their roads in cities and towns, nor at public crossings and depot grounds. *Morris v. Ry.*, 79 Mo. 368. A complaint that cattle came upon the track, and were run over and killed, at a point on the road where it passed through unenclosed lands, and at a point on the road where there was no public or private crossing, sufficiently negatives the possibility that the killing took place in a town. *Rozzelle v. Ry.*, 79 Mo. 349. So proof of like facts should have accorded to it like results, *prima facie*, at least. The evidence in this case shows that the animal was killed at a point where the road was fenced on the one side, but not on the other, and at a point even beyond the switch limits, and a quarter of a mile from the depot. The fact that the railroad was fenced at that point on the one side, negatives the notion of a public crossing at that place. Indeed, the whole of the evidence negatives the idea that there was any part of the village there, if even a village or town there was at the station. No claim is made that there was an incorporated village even at the station.

It is true there is no direct evidence as to where the

cow did stray on the track, but the fact that she got killed on the road at the point in question, and that there were signs there, and that this was at a place, too, where the road was in duty bound to fence, entitled the case to go to the jury. Such questions are often not susceptible of direct proof, and circumstances may be resorted to. *Walthers v. Ry.*, 78 Mo. 617; *Gee v. Ry.*, 80 Mo. 283. If the refused instruction had been prepared so as to show that the cow strayed on the track at the town, and also that she was killed by reason of getting on the track at that place, it might have been given, but as it is, the judgment should be affirmed. All concur.