MAYFIELD V. THE ST. LOUIS & SAN FRANCISCO RAIL-
WAY COMPANY, *Appellant.*

1. **Railroads: KILLING OF STOCK: STATEMENT.** In an action against
a railroad company, under Revised Statutes, section 809, for
killing stock, a statement is sufficient which alleges facts showing
that the animal got upon the track at a point where the company
is required to fence its road, and it is not necessary to state that it
did not get upon the track at the crossing of a highway.

2. ———: ———: **EVIDENCE.** In an action against a railroad, un-
der Revised Statutes, section 809, for killing stock, direct evidence
is not required to show that the animal got upon the track through
a gap in a fence which it was defendant's duty to maintain, nor is
it necessary to show the collision of the cars with the animal by an
eye witness. Both these facts may be shown by circumstances as
well as by direct evidence.

3. ———: ———: ———. Where, in such case, it is shown that the
fence enclosing the railroad company's track had been down for
more than a month, at a place where the road passed along culti-
vated fields, the company's agent having notice of the defect, and
that cattle grazed at the place, these circumstances are sufficient
from which to deduce the conclusion that the animal got upon the
track at a place where the company was required to fence, and
because of failure to repair after ample notice.

4. ———: ———: ———. Where plaintiff's stock were seen upon
the railroad track in the forenoon, and in the afternoon of the same
day blood was seen upon the track, with the trace of it leading to
the gap in the fence, and the animal was found dead not more
than a quarter of a mile off, with a leg broken, it cannot be said
that there is no evidence from which to find the fact that it was
injured by the cars and died from the effects of that injury.

*Appeal from Laclede Circuit Court.*—HON. BEN. V.
ALTON, Judge.

AFFIRMED.

*John O'Day* for appellant.

(1) There was positively no evidence to support

the finding of the court in this case. No witness knew or even ventured an opinion as to how, when or where the animal was killed. It was found a quarter of a mile distant from the track and bore no marks indicative of a collision with the rolling stock of a railroad. The court, therefore, erred (*a*) in overruling defendant's demurrer to the evidence; (*b*) in refusing defendant's declaration of law, and (*c*) in finding for the plaintiff. *Railroad v. Seeley*, 24 Kan. 266. (2) The action was under section 809, by the provisions of which it is as necessary to prove as it is to allege (*a*) that the animal came upon the track at a place where the railroad was required to fence. *Nance v. Railroad*, 79 Mo. 197; *Clardy v. Railroad*, 73 Mo. 576. (*b*) That it actually collided with the engine and cars. *Seibert v. Railroad*, 72 Mo. 565; *Hughes v. Railroad*, 66 Mo. 325. (*c*) That the place where the animal came on the track was not at a highway crossing or within the limits of an incorporated town. None of these facts were proven. (3) The petition failed to state facts sufficient to constitute a cause of action. It should have alleged that the animal was not struck nor did not come upon its railroad at the crossing of a highway. *Watton v. Railroad*, 67 Mo. 57. (4) There was absolutely no evidence in the case to connect or show that the death of plaintiff's animal was occasioned by the failure to erect and maintain lawful fences. *Nance v. Railroad*, 79 Mo. 196; *Holden v. Railroad*, 30 Vt. 297; *Railroad v. Hall*, 88 Ill. 368.

*J. P. Nixon* for respondent.

The statement is sufficient. It alleges that the cow was killed in Lebanon township, and this action was instituted before a justice of peace of Lebanon township. It is unnecessary to negative the exception as to crossing. It is plainly to be inferred that the cow did not get on the track at a crossing if she got on at a point

where the road passes through, along and adjoining inclosed and cultivated fields and inclosed lands, and the defendant failed to erect and maintain a lawful fence at such point as required by law. *Dorman v. Railroad,* 17 Mo. App. 337, and cases there cited; *Marrett v. Railroad,* 84 Mo. 413. The evidence in this case is largely circumstantial, but it tends to support the allegations of the petition. The probative force of the evidence was for the court sitting as a jury, and was sufficient to support the judgment. *Ehret v. Railroad,* 20 Mo. App. 251; *Gee v. Railroad,* 80 Mo. 285; *Cannon v. Moore,* 17 Mo. App. 93; *State v. Zorn,* 71 Mo. 415. It was a matter of defence for defendant's company to show affirmatively that the fence was repaired in a reasonable time. *Busby v. Railroad,* 81 Mo. 43.

BLACK, J.—This was a suit for damages under section 809, Revised Statutes, 1879, for killing a heifer. The suit was commenced in a justice's court, and on appeal to the circuit court was tried by the court without a jury.

It is first insisted that the court erred in overruling the objection to the introduction of any evidence. This objection was made on the ground that the complaint failed to state that the heifer did not get on the track and was not killed at the crossing of a highway. The complaint does state that at the place where said cow came upon the railroad and was killed the road passed through and along enclosed and cultivated fields and enclosed lands. From this allegation it follows that the company was bound to fence its road at the point where the heifer got upon the track and was killed. The allegation negatives the notion that the animal got upon the road at the crossing of a highway, where the company is, of course, not required to fence. When the complaint states facts which show that the animal got upon the track at a point where the company is required

to fence its road that is sufficient. Having clearly stated this, it is not necessary to state that the animal did not get upon the track at the crossing of a highway. *Williams v. Railroad*, 80 Mo. 599; *Wade v. Railroad*, 78 Mo. 365.

In the next place it is insisted that there is a total failure of proof to show the following facts: (1) That the animal got upon the track at a place where the defendant was required to fence the road; (2) that it was killed by colliding with the engine or cars; (3) that the animal was killed by reason of the failure of defendant to maintain fences. No one saw the animal when injured and the evidence is entirely circumstantial. It was found dead, with one leg broken, a quarter of a mile from the track and about a mile and a half from the plaintiff's house. Plaintiff testified as follows: "The fence was burned down where my cattle and stock generally run in several places about the first of March, 1883. I notified West, the section boss, and then came and notified Mr. Abbott that the fence of the company was down in the fields adjacent to the railroad track, where my stock ran all around where the gap was, and if they did not fix the fence the cars would kill my stock." Says he found the heifer on the first Tuesday in April, 1883, and that she had then been dead three or four days. Another witness states that at the time the cow was reported to have been killed, he passed along the railroad at the place in question and saw several cattle on the right of way, some of them belonging to the plaintiff; that there was no fence at the place where he saw the cattle; that there had been a fence at that place, but it had been burnt down in several places; that this was in the forenoon, and when he came back along the same place in the afternoon he saw what he took to be blood on the track, and that he noticed it continued up to the ashes where the fence had been burnt, and where there was a gap in the fence.

Direct evidence that the heifer passed through the gap in the fence is not required (*Gee v. Railroad*, 80 Mo. 283), nor is it necessary that the collision of the cars with the animal should be shown by any eye witness. These things may be shown by the circumstances as well as by direct evidence. There was evidence that the fence had been down for a month or more, and of this defendant's agent had notice. It appears, too, that the gaps were at a place where the road passed along cultivated fields, and whether inclosed or not, it was the duty of the defendant to fence its road at that place. The cattle grazed at that place, and nothing could be more natural than that they should pass through the gaps and thence on the road. These circumstances were sufficient from which to deduce the conclusion that the animal got upon the track and that, too, at a place where the company was required to fence the road, and that she got upon the track because of the failure to repair after ample notice. The evidence that the animal was injured by the cars is less satisfactory, but when it is remembered that plaintiff's animals were seen upon the track in the forenoon, and in the afternoon of the same day, blood was seen, with the trace of it leading to the gap, and the heifer was found dead not more than a quarter of a mile off, with a leg broken, we cannot say there was no evidence from which to find the fact that she was injured from the cars and died from the effects of that injury.

The conclusion reached by the court is not a rash one. Judgment affirmed. Brace, J., absent, the other judges concur.