ANDREW BRISCOE, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 11, 1887.

1. PLEADING—KILLING OF LIVE STOCK—ESSENTIAL AVERMENTS.—Although, in an action for the killing of stock by a railroad, it is essential to allege that the animal was killed at a point on the track where it was the duty of the company to erect and maintain fences, and it is also essential to aver that the animal got upon the track where it was the company's duty to erect and maintain fences, these averments may be inferentially made, and it is sufficient, if the essential facts are *necessarily* inferred.

2. ——— EVIDENCE—PROOF OF PLACE.—Neither is it necessary, in such an action, to prove the place at which the animal got upon the track by direct evidence. It is proper, and competent, to make such proof by circumstances.

APPEAL from Johnson Circuit Court, HON. NOAH M. GIVAN, Judge.

*Affirmed.*

Statement of case by the court.

This suit was begun before a justice of the peace for the recovery of double damages for the killing of plaintiff's Berkshire sow by the defendant. The statement, or petition, filed in the justice's court alleged, among other things, the following :

"And that said sow was so run upon and killed, in said township, by defendant's engine and cars, at a point where said road passed through enclosed and cultivated fields ; and, at the place where said sow was killed as above stated, defendant had, at the time, failed and neglected to erect and maintain lawful fences sufficient to prevent horses, mules, cattle and other animals from getting on its railroad track, at the place where said animal went upon said track, and by reason thereof."

The plaintiff obtained judgment in the justice's court, and the defendant appealed to the circuit court. In the latter court the plaintiff introduced evidence tending to show that, about an hour after the passage of a certain one of defendant's trains of cars, the plaintiff's sow was found lying in the ditch along the defendant's railroad track, at a point where said track ran along a cultivated field, and where there was no sufficient fence, the fence being "very poor" and "so that stock could go through it," and the boards "being broken off in different places, where cattle and hogs could go through ;" and that the point where the sow was found was about nine or ten rods west of the crossing ; and that the hog

was crippled in the back—"like she was broken down in the back." One witness testified that "she seemed to be all bruised up in the latter part of her body ; she died after dropping some of her pigs ; the bruises seemed to be on her back part." Another witness testified that he saw no marks on her. There was no evidence of any marks of any kind on the track, all the testimony on that point being to the effect that there were no such marks. The court, sitting as a jury, found for the plaintiff, and, from a judgment accordingly entered, the defendant has appealed to this court.

ADAMS & BOWLES, for the appellant.

I. The defendant's objection to the introduction of any evidence under the petition should have been sustained, as should also the motion in arrest of judgment. It cannot even be inferred, from any averment therein, that defendant was bound to fence its road at the point where the animal is alleged to have entered upon the track, nor is it averred that it was at a point where, *by law*, defendant was required to build a fence, or that he sues under section 809. *Morrow v. Railroad*, 79 Mo. 169, 171 ; *Nance v. Railroad*, 79 Mo. 196 ; *Asher v. Railroad*, 79 Mo. 432 ; *Hudgens v. Railroad*, 79 Mo. 418 ; *Bates v. Railroad*, 74 Mo. 60.

II. The petition did not allege that the injury to the hog was occasioned by the failure of the company to erect or maintain a fence, and the omission of this is fatal. *Luckie v. Railroad*, 67 Mo. 245, 246 ; *Cecil v. Railroad*, 47 Mo. 246.

III. Proof, simply of the finding of an injured animal along a railroad, without any marks or indications on the road bed, or track, to show that the damage was done by a passing train, and without any evidence as to where the animal entered thereon, is insufficient to sustain a judgment under the double damage act. *Railroad v. Seeley*, 24 Kas. 265 ; *Bothwell v. Railroad*, 7 Am. & Eng. R. R. Cas. 570 ; *Cecil v. Railroad*, 47 Mo.

246; *Wilthouse v. Railroad,* 64 Mo. 523; *Snider v. Railroad,* 73 Mo. 465; *Bates v. Railroad,* 74 Mo. 60.

J. P. ORR, for the respondent.

I. The *petition* is sufficient, and the objection to the introduction of evidence under it was properly overruled. Gen. Stat., sect. 809; *Lepp v. Railroad,* 87 Mo. 139; *Rozzette v. Railroad,* 79 Mo. 349; *Marret v. Railroad,* 84 Mo. 415; *Jantzen v. Railroad,* 83 Mo. 171; *Edwards v. Railroad,* 74 Mo. 117; s. c., 78 Mo. 91, 639; *North v. Railroad,* 52 Mo. 522; *Walther v. Railroad,* 55 Mo. 271; *Lantz v. Railroad,* 54 Mo. 228.

II. The *evidence* is sufficient. *Lepp v. Railroad,* 87 Mo. 139; *Walther v. Railroad,* 78 Mo. 617; *Gee v. Railroad,* 80 Mo. 283.

HALL, J.—Two questions are presented for our determination. The defendant first makes the point that the petition does not state facts sufficient to constitute a cause of action, and next that the evidence failed to make out a case against the defendant.

## I.

The petition, in direct terms, alleges, with sufficient precision, that the animal was killed at a point on the defendant's railroad track where it was the defendant's duty to erect and maintain fences on the sides of such track. *Dorman v. Railroad,* 17 Mo. App. 339; *Lepp v. Railroad,* 87 Mo. 139. It was, however, essential for the petition to allege that the animal got upon the railroad track at a point where it was the defendant's duty to so erect and maintain fences. The petition does not allege this directly, but does allege it inferentially. After alleging the place on the railroad track at which the animal was killed, the petition, continuing and referring to that place, uses the following words: "*At that place, where said animal went upon said track;*" thus inferentially averring that the animal went upon the track at the place where it was killed. The petition

also inferentially avers that the animal went upon the track by reason of the defendant's failure to erect and maintain fences along the sides of its railroad.

After alleging the failure of defendant to erect and maintain such fences at the place of killing, continuing and referring to said place and the said failure of the defendant, the petition avers as follows : " At that place where said animal went upon said track, *and by reason thereof*," meaning, of course, by reason of said failure on the part of defendant to erect and maintain such fences.

These inferential averments were, in our opinion, sufficient in the justice's court, where precision in pleading is not required. From the language of the petition, the essential facts are necessarily inferred. This is sufficient.

## II.

The evidence tended to show that the animal was found in a bruised and crippled condition in a ditch along the defendant's railroad, about an hour after the passage of one of defendant's trains of cars. From these facts, the court could have reasonably inferred that the train had struck and crippled the animal.

From the fact that the fence along the defendant's track, at the point where the animal was found, was in such a condition that the animal could have there passed through the fence, the court could have reasonably inferred that the animal did so pass through the fence at such point. It was not necessary to prove the place at which the animal got upon the track by direct evidence. It was proper to make such proof by circumstances. *Lepp v. Railroad*, 87 Mo. 141. The evidence was sufficient to support the finding of the court.

Judgment affirmed. Ellison, J., concurs ; Philips, P. J., absent.