THE IOLA ELECTRIC RAILROAD COMPANY v. L. L. JACKSON.

**No. 13,955.**   (79 Pac. 662.)

SYLLABUS BY THE COURT.

1. RAILROADS — *Injury to Live Stock — Company Held Liable.*   In an enclosed field through which there was located and operated an unfenced railroad, a cow, rightfully in the field, passed directly upon the railroad, and was struck and killed by a car, without any fault of the employees of the railroad company in charge of the car.   At the time the general herd law was in force in the county wherein the cow was killed.   *Held,* that the cow was not trespassing or running at large when she went upon the right of way of the railroad company; and, as she was killed because of the failure to fence the railroad as the law requires, the company is liable for the loss.

2. ——— *End Fences and Cattle-guards.* Where a railroad passes through an enclosure it is the duty of the company not only to build fences on each side of the track, but also to complete the enclosure by building end fences and cattle-guards across the right of way where the railroad enters and leaves the enclosure.

3. ——— *Platting Held Not to Relieve from Fencing.* A portion of the enclosure on one side of the railroad was platted and lots, blocks, streets and alleys were staked out, but as no lots or blocks were sold, nor streets and alleys used as such, and as the platted portion was still used for agricultural purposes only, the platting did not relieve the company from the duty of fencing its road, nor absolve it from liability for the loss.

Error from Allen district court; OSCAR FOUST, judge. Opinion filed February 11, 1905.   Affirmed.

*Thompson & Thompson*, for plaintiff in error.

*Ewing, Gard & Gard*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J. : In the operation of its railroad through Allen county the Iola Electric Railroad Company struck and killed a cow belonging to L. L. Jackson, who asks damages for the loss.   The cow, with thirty-seven others, was pastured and kept on a quarter-section of land owned by the Lanyon Zinc Company, upon a portion of which a corn crop had been grown and the balance used as grass land.   The entire quarter-section was enclosed with a fence, and through the tract the railroad company owned a right of way fifty feet wide, over which the railroad was built and operated.   Jackson had obtained the right to turn his cattle into this enclosure mainly to feed upon the corn-stalks, but with the right to use the meadow as well as the stalk pasture.   The corn-stalks were upon both sides of the railroad, which was unfenced, although under the law it should have been fenced.   On the night of December 29, 1902,

one of the cows went upon the railroad-track and was killed, but not because of the negligence of those operating the car which struck her. Jackson recovered for the loss. The railroad company contends that, as he turned his cows into the field knowing there was no fence around the stalks nor along the right of way of the railroad, and allowed them to run at large in violation of the herd law, the loss was due to his own fault.

Jackson's cows were not running at large, nor can they be regarded as trespassers when they went upon the unfenced right of way of the railroad company. Under the testimony it must be held that the quarter-section was legally fenced, and that Jackson had procured the right to use not only the corn-stalk portion, but also to have them run over the entire field. The cow was within an enclosure, where she had a right to be — as rightfully there as if Jackson had been the owner of the land. She passed directly from the fenced pasture to the right of way, not because of the fault of the owner, but by reason of the neglect of the railroad company. Under the law it was the duty of the company to enclose its road with a good and lawful fence, and from the testimony it appears that the cow went upon the railroad and was killed because of the omission of this duty.

In support of the contention that the cow was running at large, and was a trespasser when she went upon the right of way of the railroad company, the following cases are cited : *Cent. Branch Rld. Co. v. Lea,* 20 Kan. 353 ; *K. P. Rly. Co. v. Landis,* 24 id. 406 ; *U. P. Rly. Co. v. Dyche,* 28 id. 200 ; *St. L. & S. F. R'y. Co. v. Mossman,* 30 id. 341, 2 Pac. 146. An examination of them discloses that it was the night herd law which was under discussion, a law greatly differing

from the general herd law, and hence the cases are not controlling here. The distinction between the laws was specifically pointed out in *A. T. & S. F. Rly. Co. v. Riggs*, 31 Kan. 622, 3 Pac. 305, and the inapplicability of the cited cases to the one under consideration was made clear. In its facts the Riggs case is quite similar to the present one. There a cow passed directly from the owner's land, where she had a right to be, upon a railroad which was unfenced, and was killed by the railroad company in the operation of its road. The general herd law was in force in the county, and the law requiring railroad companies to fence their roads was also in effect, and it was held that the owner of the animal might recover from the railroad company for the injury. Among other things, it was said :

"The plaintiff's cow was rightfully upon the plaintiff's own land, and was not trespassing upon the property of any person, and she passed directly from the plaintiff's own land upon the premises occupied by the railroad company—premises to which the plaintiff held the fee-simple title, and in which the railroad company held nothing but an easement—and she was enabled to pass upon such railroad premises wholly from the fault of the railroad company itself in not enclosing its road with a good and sufficient fence, and not from any fault of the plaintiff. Under such circumstances, we think there is no decision in the United States holding that the plaintiff is not entitled to recover."

In that case specific mention was made that the railroad company owned nothing but an easement in the strip of land which it occupied, but in the later case of *Gooding v. A. T. & S. F. Rld. Co.*, 32 Kan. 150, 4 Pac. 136, it was held that the rule of the Riggs case applied as well where the railroad company owned the land upon which the track was located and

where the animal was killed.   (See, also, *St. L. & S. F. Rly. Co. v. Dudgeon*, 28 Kan. 283; *A. T. & S. F. Rld. Co. v. Shaft*, 33 id. 521, 6 Pac. 908.)

There was some testimony tending to show that the enclosure was not complete; that there was an opening where the railroad entered the field, which was left by the company so that it might haul cinders along the track.   This was not a conceded fact, and probably the question should be regarded as settled by the general verdict.   It was the duty of the company to complete the enclosure where the railroad entered and left the field by an end fence and cattle-guards across the right of way, and, in any event, it could not defeat a recovery by its own neglect.   (*U. P. Rly. Co. v. Harris*, 28 Kan. 206.)

It appears that the portion north of the railroad had been platted as Melrose Place, and it is argued that the cattle running on the streets and alleys staked out in the corn-field must be regarded as running at large. While the ground had been platted it still remained a pasture and was used as such.   No lots had been sold, and no streets had been used or opened, and even the streets and alleys marked upon the plat did not cross the railroad or the right of way.   Under these circumstances the platting did not relieve the company from its obligation to fence, and cannot affect the decision of this case.   The company would not have been absolved from liability if the place of injury had been within the limits of a city, where it was platted into lots and blocks, surrounded by streets and alleys.   (*U. P. Rly. Co. v. Dyche, supra.*)

The judgment of the district court is affirmed.

All the Justices concurring.