ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* STITES.

## Opinion delivered July 23, 1906.

1. APPEAL—QUESTION NOT RAISED BELOW.—Where the statute of limitation was not pleaded in the trial court, it can not be considered on appeal. (Page 73.)

2. RAILROAD—STOCK KILLING—PRESUMPTION.—Although no presumption of negligence arises against a railroad company for the killing of stock until it is proved that the killing was caused by the running of a train, the killing of the stock by a train may be proved by circumstantial, as well as by direct, evidence. (Page 73.)

Appeal from Jackson Circuit Court; *Frederick D. Fulkerson,* Judge; affirmed.

*B. S. Johnson,* for appellant.

1. As to double damages, the right of action is barred by the statute. Kirby's Digest, § 6776; 38 Ark. 205.

2. In the absence of proof or admission that the mule was killed by the running of defendant's train, no presumption of negligence arises against the defendant. 33 Ark. 819; 68 Ark. 177. The fact that a dead animal was found near the railroad track raises no presumption either that it was killed, or, if killed, that it was done on the track or by a train. 56 Ark. 549; 42 Ark. 126; 60 Ark. 189. ·

*Stuckey & Stuckey,* for appellee.

1. The question as to whether or not the mule was killed by defendant's train, and as to the presumption arising in the event they found that it was killed by defendant's train, was properly submitted to the jury. 42 Ark. 122. Direct proof of the killing by a train was not necessary, but this fact may be established by circumstantial evidence. 1 Greenleaf, Ev. par. 13; 59 Miss. 280. On this point the court will not disturb the finding of the jury based upon the testimony. 51 Ark. 475; 67 Ark. 401.

2. The right to recover double damages is not a separate cause of action, but only ancillary to the right to recover for the negligent killing. Hence, if the action to recover actual damages is brought in time, plaintiff could at any time before trial amend

so as to show failure to post the notice required by statute. Kirby's Digest, § 6774; 45 Ark. 298; 33 Ark. 822; 1 Enc. of Pl. & Pr. 621. In any event the bar, to be available, must be pleaded. 39 Ark. 163; 13 Enc. of Pl. & Pr. 181.

McCULLOCH, J.   This is an action brought by the plaintiff, G. A. Stites, against the St. Louis, Iron Mountain & Southern Railway Company, to recover the value of a mule owned by plaintiff which is alleged to have been run over and killed by the negligent act of the defendant's servants in the operation of a train. Double damages are claimed on account of the alleged failure of the defendant's servants to post a notice of the killing at the nearest station house, as required by statute.

Judgment was rendered in favor of the plaintiff for $200, double the value of the animal as found by the jury, and the defendant appealed.

The allegation as to failure to post notice of the killing at the nearest station house and the prayer for recovery of double damages were brought into the complaint by amendment filed more than one year after the mule was killed, and it is insisted here that that part of the cause of action was barred by the statute of limitation. The statute of limitation was not pleaded below, and the question can not be considered.

It is contended that there was no proof that the mule was killed by the running of defendant's train, and that no presumption of negligent killing arose from the fact that the mule was found dead on the right of way. There was, however, more proof than that merely of the finding of the dead animal on the right of way. The evidence was circumstantial, but sufficient to justify the jury in drawing the inference that the mule was killed by a train. As has been many times decided by this court, no presumption of negligence arises against a railroad company for the killing of stock until it is proved that the killing was caused by the running of trains (St. Louis, I. M. & S. R. Co. v. Hagan, 42 Ark. 126; Ry. Co. v. Parks, 60 Ark. 189; Ry. Co. v. Sageley, 56 Ark. 549); but the killing of the stock may be proved by circumstantial, as well as by direct, evidence. Here there were strong circumstances, in addition to the fact that the dead body of the mule was found near the track, tending to show that it had been struck by a train, and fully warranted the jury in so finding.

The court especially charged the jury that they could not indulge any presumption as to whether or not the mule was killed by the train; that they must find it from a preponderance of the evidence. The plaintiff testified that the first information he received about his mule having been killed was from the section foreman and one of the section hands who told him that the mule had been killed at Knuckles's Spur, where they had buried it. It is not disputed that the mule belonged to plaintiff, that the dead body was found by the section men and buried on the right of way near Knuckles's Spur. The only controverted questions were whether or not the mule was killed by a train, and whether notice thereof was posted at the nearest station house. So the statement of the plaintiff as to what the section men told him was not prejudicial.

The evidence was conflicting as to whether the notice was posted at the nearest station house, and the question was fairly submitted to the jury upon proper instructions. The verdict is conclusive of that question.

No error is found in the instructions of the court on any branch of the case.

Affirmed.