## MIDLAND VALLEY R. CO. v. HARDESTY.

No. 2612. Opinion Filed July 29, 1913.

(134 Pac. 400.)

1. RAILROADS — Injury to Stock — Petition — Failure to Fence Where the plaintiff, in an action against a railway company for damages for killing stock, relies upon the violation of the fence laws of the state by the railway company, a section of which (section 1392, Comp. Laws 1909 [Rev. Laws 1910, sec. 1438]), provides in effect that the railroad company shall be liable for all animals killed by reason of its failure to construct and maintain a legal fence, he must negative in his petition the exceptions contained in the enacting clause of section 1389 (1435) of the statute, which provides: "It shall be the duty of every person or corporation owning or operating any railroad in the state of Oklahoma to fence its road, except at public highways and station grounds, with a good and lawful fence."

2. SAME. But the foregoing rule is not so strict as to require that the exceptions shall be specifically negatived. It is sufficiently complied with if the facts alleged clearly negative the exceptions, although it is done by inference.

3. SAME—Sufficiency. Petition examined and held that each paragraph thereof states facts sufficient to constitute a cause of action.

4. SAME—Sufficiency of Evidence. Evidence examined and held sufficient to sustain the verdict of the jury.

5. TRIAL — Verdict — Findings on Separate Counts. Upon the whole record the court is satisfied that the court below committed no error which would deprive the defendant of any of its substantial rights.

6. APPEAL AND ERROR—Harmless Error—Pleadings. The court, in every stage of action, must disregard any error or defect

in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect.

(Syllabus by the Court.)

*Error from County Court, Tulsa County;*
*N. J. Gubser, Judge.*

Action by William E. Hardesty against the Midland Valley Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Edgar A. DeM'eules,* for plaintiff in error.

*H. B. Martin, Chas. E. Bush,* and *Jno. Y. Murray, Jr.,* for defendant in error.

KANE, J. This was an action for damages for killing stock, instituted by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. The petition contains three paragraphs. In the first, plaintiff claims the sum of $150 for the killing of a mule; in the second, the sum of $175 for the killing of a horse; and in the third, the sum of $15 for the killing of a calf. The three causes of action are based upon violations of the fence laws of the state by the railroad company. The first cause of action is based upon the failure of the railroad company to erect a fence along its track as required by law; the second, failure to keep in repair a legal fence which had been built; and the third, failure to keep in repair a gate in the fence at a private crossing. Upon trial to a jury, there was a general verdict for the plaintiff in the sum of $290, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

Counsel for plaintiff in error assigns 27 specifications of error; but, upon an examination of his brief, we believe his contentions may be epitomized as follows: (1) The demurrer of the plaintiff in error to each paragraph of the petition should have been sustained, for the reason the plaintiff relies for recovery upon violations of a special statute,

the enacting clause of which contains certain exceptions which are not negatived in the petition. (2) The court erred in not taking the case from the jury at the close of the evidence, for the reason that the causes of action were not established. (3) The court erred in giving to the jury certain instructions. (4) The court erred in overruling plaintiff's objections to the form of the verdict, and its timely request to instruct the jury to retain the case and return a verdict upon each cause of action separately.

The part of the statute (section 1389, Comp. Laws 1909 [Rev. Laws 1910, sec. 1435]) containing the exception clause reads as follows:

"It shall be the duty of every person or corporation owning or operating any railroad in the state of Oklahoma to fence its road, except at public highways and station grounds, with a good and lawful fence."

Section 1392 (Rev. Laws 1910, sec. 1438) of the same article provides that:

"Whenever any railroad corporation or the lessee, person, company or corporation operating any railroad, shall neglect to build and maintain such fence as provided in this act, such railroad corporation, lessee, person, company or corporation operating the same, shall be liable for all animals killed by reason of the failure to construct such fence."

It is conceded by counsel for defendant in error that he relies for recovery upon a special statute, the enacting clause of which contains certain exceptions, and that the rule in such cases is that the plaintiff must set forth in his petition in ordinary and concise language a statement of facts showing his right to recover under that statute, and that, where such a statute contains exceptions in the enacting clause, such exceptions must be negatived. He contends, however, that no actual specific negation is required, that averments may be made inferentially, which will be sufficient, if the conclusion of negation arises from the facts stated. In his first cause of action, plaintiff, after setting out noncompliance with the statute on

the part of the railroad company by failing and neglecting to erect and maintain a statutory fence along its right of way at the place where the mule entered upon the track, further alleges that said mule strayed from his premises directly upon the defendant's right of way at a place where the same should have been fenced and entered upon the defendant's track and was killed by a locomotive, etc.

The sufficiency of such an allegation seems to be sustained by the following authorities: *Briscoe v. Mo. Pac. Ry. Co.,* 25 Mo. App. 468; *Nicholson v. Hannibal & St. J. R. Co.,* 82 Mo. 73; *L., E. & St. L. R. Co. v. Hart,* 2 Ind. App. 130, 28 N. E. 218; *Mayfield v. St. L. & S. F. R. Co.,* 91 Mo. 296, 3 S. W. 201. In *Nicholson v. Hannibal & St. J. R. Co., supra,* it was held that a statement that the animal strayed upon the track at a point where said track was not inclosed by a good and sufficient fence, as the law directs, was sufficient. In the Indiana case it was held that:

"A complaint which charges an injury to animals by a railroad company by reason of its failure to fence its track at a point where it ought to have been fenced need not negative the exceptions to the duty of fencing."

In the last case cited it was held:

"In a suit * * * for killing a heifer, when the complaint states facts which show that the animal got upon the track * * * at a point where the defendant is required to fence its road, it is sufficient, and it is not necessary to state that the animal did not get upon the track at a crossing of a highway."

Moreover, as contended by counsel for defendant in error, the rule is not so strict as to require that the exceptions shall be specifically negatived in the petition. If the facts alleged show that the defendant is not relieved by the exceptions, the purpose of the rule is accomplished, although there be no specific denial of the exceptions, and it has been complied with if the facts alleged clearly negative the exceptions, although it is done by inference. *Maxwell v. Evans et al.,* 90 Ind. 596, 46 Am. Rep. 234.

Plaintiff's petition clearly alleges that the company failed and neglected to erect a fence along the right of way through the premises from which the mule entered upon the track, and that said mule strayed from said premises directly upon the track at a place where the same should have been fenced. We think the clear inference from this allegation is that the mule did not escape upon the right of way at a public crossing, or from the station grounds of the defendant.

The courts of the states wherein the foregoing cases were decided recognize the general rule that an exception in the enacting clause of a statute must be negatived, and the authorities cited are not necessarily in conflict with the cases cited by counsel for plaintiff in error in support of his contention. He relies upon such cases as *C., B. & Q. Ry. Co. v. Carter,* 20 Ill. 391, wherein the only allegation was that "defendants had failed to fence their road." It is apparent at a glance that in that case no facts were alleged which directly or inferentially negatived the exception contained in the statute. The distinction between the cases is clearly indicated in *Russell v. Hannibal, etc., R. Co.,* 83 Mo. 510, another case cited by counsel for plaintiff in error, wherein it is said:

"There is no fact averred from which the inference might even be drawn that the place was not at a station or inside of a town laid out and occupied in the vicinity by streets, alleys, and thoroughfares."

The foregoing authorities and reasoning amply sustain the second paragraph of the petition. The part thereof necessary for our present purpose reads as follows:

"That said horse was confined in a pasture or inclosure, three sides of which were fenced by the owner of the premises, occupied by the plaintiff, and the fourth side of which, situated on the right of way, was fenced by the defendant, but the defendant had failed and neglected to erect a good and lawful fence and had failed and neglected to keep said fence in repair, and the defendant had carelessly and negligently allowed said fence to be, and for a long period of time remain, in bad repair, and the posts thereof were broken and the wires in many places lying upon the ground; all of which was to de-

fendant well known. That by reason of defendant's failure
to maintain a good and lawful fence, and by reason of the
carelessness and negligence aforesaid, the said horse left the
said inclosure and passed through the defective fence of the
defendant, and entered upon the defendant's right of way at a
place where defendant was required to keep and maintain a
good and lawful fence, and, being upon said right of way,
the said horse entered upon the track, where said horse was
struck by a locomotive," etc.

This cause of action is based upon the failure of the
company to maintain a fence after it had been built, in
pursuance of the statute. The paragraph also contains a gen-
eral averment to the effect that the horse entered upon the
track through a defective fence "at a point where defendant
was required to keep and maintain a good and lawful fence,"
and allegations of fact which tend to negative the exceptions.
From the fact that the railroad company built the fence along
its right of way through which the horse escaped, a strong
inference arises that it was built only at a place required by
the statute. It is also fairly inferable from the allegation
that the horse was confined in a pasture or inclosure, three sides
of which were entirely fenced by the plaintiff, and the fourth
side of which, situated along the right of way of the com-
pany, was entirely fenced by the defendant, and that there
was no station or station grounds on the right of way between
the right of way fence and the track. The petition further
states that the plaintiff was not only the owner of the in-
closed premises, but that he occupied the same. This negatives
the idea that any of the inclosure was occupied by the railroad
company for station grounds or otherwise, and the allegation
to the effect that all sides of the pasture were fenced by either
the plaintiff or the defendant negatives the idea that there
was a public crossing upon the railroad at any point where
it is alleged it was fenced, and that there was within the
pasture a public road connecting with such public crossing.
The inferences deducible from the foregoing facts are so di-
rect that there is little room for surprise when it is discovered

that the record discloses that there were no station, station grounds, or public crossings at the point the stock escaped through the fence.

The first cause of action is based upon the failure of the company to build a fence along its right of way. The evidence showed that the mule escaped from the plaintiff's pasture into an adjoining field, which was used by the plaintiff and a. neighbor, and entered upon the track or right of way at a place where there was no fence and where, under the statute, plaintiff in error was required to build a fence. That is sufficient to entitle the plaintiff to recover. The statute says: "The railway company shall be liable for all animals killed for the reason of failure to construct such fence."

The evidence showed that the mare was turned into the pasture on the west side of the track about five o'clock in the evening, and that she was killed that night by a passenger between seven and eight o'clock. The mare was killed on the 30th of December, 1909. The violation of the statute alleged was not maintaining in good repair a lawful fence which had been previously built. As to the condition of the right of way fence along the pasture, the plaintiff testified:

"Q. Can you state the conditions of the right of way fence on the west side of the track? A. There is a number of places where the posts have been burnt off and burnt the right of way, and the wires were sagging down, and in some places they were not over eighteen inches from the ground, and in other places the staples were out until the bottom wire had been sagged down to the ground, and the top wire had sagged and had been put on the other wire for a distance of half a mile. Q. That half a mile along this pasture—was it that way all along the way or just places? A. It was not all in that condition, but there was a number of places. Q. How many posts would be rotted off so the wires would be right on the ground? A. There was a number of places where these posts had been burnt off, where the wires were on the ground or nearly so."

There was further evidence to the effect that the section hands of the company had been notified of the condition

of the fence along the right of way on the west side of the track, and that it had remained in bad condition for three or four years before the killing, and that there was neither a public crossing, station, or station grounds at the point where any of the stock entered upon the tracks of the railroad company and were killed.

On the whole, we are of the opinion that the evidence was sufficient to take the case to the jury on all the causes of action stated in the petition. It is not necessary that every fact in the case shall be proved by eyewitnesses. *Lake Erie & W. R. Co. v. Parker,* 94 Ind. 91; *U. Pac. Ry. Co. v. Harris,* 28 Kan. 206; *St. L., I. M. & So. Ry. Co. v. Stiles,* 80 Ark. 72, 95 S. W. 1004; *B. & M. Ry. Co. in Neb. v. Campbell,* 14 Colo. App. 141, 59 Pac. 424.

Touching another question which is apropos to the assignment now under discussion, that the plaintiff cannot recover because the evidence showed him to be *in pari delicto.* As stated before, the liability is based solely upon a statute upon which no exception or limitation is ingrafted; there is no provision that liability thereunder shall not attach in stock law territory, or where animals are not confined in strict accordance with the herd law. In such cases the doctrines of contributory negligence and *in pari delicto* do not apply; neither do the stock or herd laws protect the defendant. *Iola Elec. R. Co. v. Jackson,* 70 Kan. 791, 79 Pac. 662; *Rabberman v. Hunt, Receiver, Toledo, St. L. & K. C. R. Co.,* 88 Ill. App. 625; *Rinehart v. K. C. S. Ry. Co.,* 126 Mo. App. 446, 80 S. W. 910; *Growney v. Wabash R. Co.,* 102 Mo. App. 442, 76 S. W. 671.

We have examined the instructions given and are satisfied that on the whole the jury was properly instructed as to the law. On the last contention we are satisfied no reversible error can be predicated. The amount sued for in the first cause of action is $150, the second, $175, and third, $15, or a total of $340. All the testimony in the case, including that of Hardesty, himself, was that the mule was of the reason-

able value at the time it was killed of $125; the mare, $150, and the calf, $15, or a total of $290. As the latter sum was the amount of the verdict there can be no uncertainty as to the amount given by the jury on each cause of action, and therefore there was no necessity for separate findings upon each of said counts. Upon the whole the court is satisfied that the court below committed no error which would affect any of the substantial rights of the plaintiff in error.

There is very little opportunity for difficult questions of law or fact to creep into simple cases of this class. The evidence clearly shows that the railroad company violated the fence laws of the state, and that by reason thereof the plaintiff's stock was killed. That is the case in a nutshell on its merits. Even if some, or all, of the many technical contentions made by plaintiff in error were found to be well taken, the court would not be authorized to reverse the judgment of the court below, unless it appears that some substantial right of the adverse party had been injuriously affected. *Mullen v. Thaxton,* 24 Okla. 643, 104 Pac. 359. Section 5680, Comp. Laws 1909 (Rev. Laws 1910, sec. 4791), provides that:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

And section 6005, Rev. Laws 1910, provides:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

In our judgment, the instant case was tried below sub-

stantially without error. The judgment of the court below is therefore affirmed.

HAYES, C. J., and TURNER, J., concur; WILLIAMS, J., concurs in conclusion reached; DUNN, J., absent.