## GEORGE C. HUBBELL *vs.* JOHN S. FLINT

A debtor who has directed payments made by him to his creditor to be applied to the satisfaction of an illegal claim cannot afterwards require them to be otherwise appropriated.

METCALF, J.   This is a writ of entry to foreclose a mortgage. The defendant having waived his claim to a set-off, the only question in the case is, whether the note which the mortgage was given to secure is to be regarded as paid; and we are of opinion that it is not.

It appears, from the bill of exceptions, that the plaintiff had several claims on the defendant for liquors unlawfully sold to him, not included in this note, and that the payments, which the defendant now seeks to apply to the discharge of the mortgage note, were made by him on those claims generally, and without any designation by him of the particular claim to which any of those payments should be applied.   Having directed the payments made by him to be applied to the claims on him for liquors unlawfully sold to him by the plaintiff, he cannot now require that they be otherwise appropriated.   *Rohan* v. *Hanson*, 11 Cush. 44.   *Richardson* v. *Woodbury*, 12 Cush. 279.   *Caldwell* v. *Wentworth*, 14 N. H. 436.   *Treadwell* v. *Moore*, 34 Maine, 112.   A different doctrine would be tanta-

mount to permitting a recovery back of money voluntarily paid on an illegal demand, contrary to the established rules of law. *Worcester* v. *Eaton*, 11 Mass. 376. *Best* v. *Strong*, 2 Wend. 319. *Owens* v. *Denton*, 5 Tyrwh. 359, and 1 Cr., M. & R. 711.

*Exceptions overruled.*

*A. J. Waterman*, for the defendant.
*J. E. Field*, for the plaintiff.