COLLIER et al. v. DYER.

SET-OFF—*Must be mutual.*—To authorize a set-off the debts must be mutual and
due to and from the same parties; there is no such mutuality between an
individual and firm account.

APPEAL FROM YELL CIRCUIT COURT.

HON. W. N. MAY, *Circuit Judge.*

*J. E. Cravens,* for Appellants.

GREGG, J.—This action was commenced by appellants be-
fore a justice of the peace of Yell county.

The appellee filed a plea of set-off, claiming a larger amount
for medical services rendered one of the appellants than their
demand against him.

A trial was had ; verdict and judgment against the appel-
lants for $36 40 and costs, from which judgment they appealed
to the Circuit Court.

In the Circuit Court a like finding and judgment was had,
only for a smaller sum ; the appellants moved for a new trial;
their motion was overruled and they appealed.

This court has long since holden that to authorize a set-off,
the debts must be mutual and due to and from the same par-
ties. *Field vs. Watkins,* 5 *Ark.,* 672 ; *Bizzell vs. Stone,* 12 *Id.*
378 ; *Brown vs. Houstin,* 23 *Id.* 333.

Under this ruling, the appellee could not set-off an individ-
ual account on Wilson W. Collier, against the firm demand
of E. G. & W. W. Collier. And some of the instructions
given by the court, in behalf of the appellee, were clearly
erroneous, being abstract and not supported by sufficient evi-
dence, but as these were not excepted to, or made grounds in
the motion for a new trial, we are not called upon to consider
them here.

The evidence, on the trial, certainly failed to show a mutu-
ality of accounts between the appellants and the appellee,
and, consequently, his plea of set-off could not have entitled

him to a recovery, and if the evidence was such as satisfied the court that he had a valid and subsisting defense, in payment of the whole, or a part of the plaintiff's demand, under *Chap. VIII, Title VII, of the Civil Code,* he might have allowed the appellee to have amended his pleadings in such manner as would have worked no prejudice to the rights of the appellants. But we do not wish to be understood as intimating that the court, on its own motion, should suggest or make changes in a litigant's defense, where the ends of justice do not absolutely require such suggestion.

If the court had been satisfied, by proof, that the Colliers as a firm, had agreed to accept medical services of the appellee rendered W. W. Collier in part payment of the appellant's bill for lumber delivered, and upon a proper issue the jury had so found, we would not attempt to weigh the evidence or disturb the verdict, if there was evidence tending to support such finding. But there is clearly no such promise, as, under our statute, could have rendered E. G. Collier, or the firm of E. G. & W. W. Collier, liable for future services to be rendered W. W. Collier as an individual; and not the slightest evidence that E. G. Collier ever, in any way, became liable to pay the appellee the excess of his medical bill, rendered against W. W. Collier, and if the pleadings had been changed, or acted upon by the court as if amended, and if there had been sufficient evidence to have sustained appellee's claim in part, the finding to the full extent was certainly unauthorized by either law or evidence, and in such cases a Circuit Court should always exercise its sound discretion and grant a new trial.

The judgment is reversed and the cause remanded to be proceeded in according to law.