CITIZEN BANK VS CAREY.

Opinion delivered January 12, 1899.

*1. Admission of Incompetent Evidence—Harmless Error.*

The admission of incompetent testimony which does not appear prejudical to appellant is harmless error and is not ground for reversal.

*2. Motion for New Trial—Affidavits as to Manner of Reaching Verdict.*

The appellant made as a part of its motion for a new trial the affidavits of the foreman and other jurors who determined the suit, as to their manner of arriving at their verdict. *Held*, This was not an impeachment of the verdict and was permissible.

*3. Promissory Note—Application of Payments—Ratification.*

C. was liable to plaintiff on two notes, one executed by C. and F. and one executed by C. and E. C. sent a payment to the plaintiff with instructions to apply same on note of C. and F. The payment was however applied on the note of C. and E., and C. so informed. Afterwards C. paid the balance of the note of C. and E. and took up the note. *Held*, This was a ratification of the act of plaintiff in applying the payment to the C. and E. note.

*4. Pleading and Practice.—Set-off.*

Plaintiff pleaded a set-off in proper form on its face. Defendant filed a motion to strike out. *Held*, The motion was properly overruled, as a set-off, if properly pleaded, can be met only by reply and evidence.

*5. Partnership—Set-off of Claim Against Former Partnership—Question For Jury.*

Plaintiff bank was a co-partnership composed of several different persons. There was evidence tending to show that although the name was the same, the partnership at the time alleged services were rendered, which it was sought to set-off against plaintiff's claim, and at the time suit was brought was composed of different persons. *Held*, If there was a change in

the persons constituting the partnership, that defendant could not have a claim against the old partnership set-off against a demand by the new partnership. *Held*, Further, the question as to whether there had been a change in the partnership should have been submitted to the jury.

6. *Motion for New Trial—Entering Judgment Before Filing.*

Judgment was rendered on the verdict before the motion for a new trial was filed or before notice thereof was given. The motion for a new trial was filed within three days from the rendition of the verdict. *Held*, Filed in time. The entering of judgment on the verdict of a jury cannot deprive a party of his full three days in which to file motion for new trial.

Appeal from the United States Court for the Southern District. C. B. Kilgore, Judge.

Suit on promissory note by The Citizen Bank, a co-partnership, against Carey and Fitzpatrick. Judgment for for plaintiff for a part of its claim. Plaintiff appeals. Reversed.

This suit was filed in the United States district court at Chickasha on the 21st day of January, 1897, by the appellant, Citizens' Bank, against the appellees, Carey & Fitzpatrick, to recover $699.02 and interest on a promissory note executed by appellees July 10, 1896, and payable to appellant on October 10, 1896. On the 9th day of February, 1897, appellees filed their answer, admitting the execution of the note sued on, but alleged that they had paid appellant the sum of $420.37, and that said $420.37 was applied on another note due the appellant on which the appellees were sureties, and alleged that they should have a credit for said amount upon the note sued on. Appellees, further answering by way of set-off, alleged that the appellant was indebted to them in the sum of $500 for services rendered the Citizen's Bank in the year 1895, that said services rendered by them were reasonably worth the sum of

$500, and that the same have never heretofore been settled for and adjusted between the plaintiff and defendants. Appellant filed its reply to appellees' answer, admitting the payment of $420.37, but alleged that there was an agreement between the plaintiff and defendants whereby it was agreed that the payment should be applied upon a note for $450 which the appellees, as sureties, owed the appellant. Appellant also filed motion to strike out that part of the appellee's answer wherein they claimed as a set-off for services rendered the sum of $500, for the reason that the appellant was a different party than the parties for whom the services were rendered, and for the further reason that the appellees were members of the firm styled the Citizens Bank at the date the services were alleged to have been rendered, and that there had never been a settlement or adjustment between the parties. The case came on to be heard on the 9th day of February, 1897, and was tried before a jury, and on the same day the jury returned a verdict for the appellant for $250. Thereupon the court rendered judgment in favor of the appellant for said sum. The appellant on same day filed its motion for a new trial, setting out the errors of the court, and the grounds upon which it sought a new trial and afterwards the court, being fully advised, overruled the same. Whereupon the appellant prayed an appeal and the same was granted by the court.

*F. E. Riddle* and *E. M. Payne*, for appellant.

*F. A. Fisher*, for appellees.

SPRINGER, C. J. There are four assignments of error in this case. The first is in reference to alleged incompetent testimony of one of the appellees, to which objection was made on the trial, but overruled, While much of the testimony to which exception was taken was incompetent, it does not appear to have been prejudicial to appellant, and its

admission is not ground for reversal.   It would unnecessarily incumber the record to set forth all this testimony, as the case will be determined upon other points.

The second assignment of error is based upon the verdict of the jury, which found for the plaintiff or appellant only $250, when they should, under the court's instructions have found the sum of $284.50,  The court instructed the jury as follows on this point:  "The questions for you to consider are whether they [the appellees] should be credited with the four hundred odd dollars on this note.   If they made a payment to the bank, and gave it directions to apply it to that note, it would have been their duty to so apply it; and, if they failed to do so, they would be entitled to the credit.   If they made a payment into the bank, and gave no instructions, then the bank could have applied it to any of Mr. Carey's debts.   These are the questions for you to determine in passing upon that branch of the defense."  The appellant made a part of its motion for a new trial the affidavits of the foreman and other jurors who determined this suit.   In their affidavits they state that in arriving at their verdict they subtracted the face of the $450 note from the amount of the note sued on, which left a balance of $250, the amount for which the verdict was rendered.   It appeared from the evidence in the case that the appellees did not claim, and there was no proof to show, that they were entitled to a credit of more than $420.37 on the note sued on, on account of payments in money, but it seems that the jury allowed a cash credit to the amount of $450.   The verdict of the jury for the balance, being $250, is not supported by the pleadings, the evidence, or the instructions of the court.   Counsel for appellees contend, however, that the verdict of the jury "cannot be impeached by the affidavit of jurors."  The affidavits of the two jurors filed byappellant on the motion for a new trial merely stated the basis upon which the jury

reached their conclusion.    The verdict is not impeached in any way.    The jurors honestly believed that they were acting rightly in the matter, but the fact is that by their verdict the appellees have obtained the advantage of a credit on two separate notes, when in fact there was payment only on one.

The third assignment of error is that the instructions of the court were uncertain, ambiguous, and calculated to mislead the jury, in so far as the cash credits were concerned.    The court, as will be seen from the instructions quoted above, stated that if appellees made a payment to the bank, and gave directions to apply it to the note sued on, it was the duty of appellant to so apply it, and, if appellant failed to do so, appellees would be entitled to the credit.    This instruction, in view of the evidence, was defective and misleading.    It did not state correctly the issue in reference to credits to be made.    There were two notes due the bank,— one for $699.02, executed by appellees, Carey & Fitzpatrick, and one executed by Carey and Elterman for $450.    Both notes were due and unpaid when the payments were made by Carey, who was liable on both notes.    He sent word to the bank when the deposit was made that he desired the money credited on the Carey-Fitzpatrick note; but the bank officers declined to so place the credit, and sent word back to Carey that they would place the credit on the Carey-Elterman note. Afterwards Carey paid the bank the balance due on the Carey-Elterman note, which was $34, and took the note up. This fact was conceded.    He, by thus taking up the Carey-Elterman note, ratified the action of the bank in placing the credit on that note, and was estopped thereafter from claiming that the amount he had paid into the bank should be credited, according to his original directions, on the Carey-Fitzpatrick note.    He could not use this single credit for the double purpose of paying off or reducing two separate and distinct obligations.    The court should have instructed the

jury that the defendant Carey, having taken up his note upon which the bank placed the credit, was estopped from demanding that the amount of the deposit in the bank should be placed as a credit on the note sued on, and that they should find for the plaintiff on this part of the defendants' answer. This would have required the jury to find for the plaintiff to the full amount of the note sued on, unless defendants were entitled to a credit on account of the set-off for services to the bank alleged to have been performed by defendants.

This brings us to the consideration of that part of appellees' answer which sets up the fact that appellees rendered the bank certain services in the year 1895, about a year before this suit was instituted, and that they were entitled to a set-off on this account. This branch of the case is covered by the fourth assignment of error. The appellant moved the court to strike out that part of the appellees' answer which pleaded this set-off. The motion to strike out was properly refused. The set-off was pleaded in proper form on its face, and could only be met by reply and by the evidence. The appellant, however, saved its objection by asking the court to instruct the jury as follows: "We ask the court to instruct the jury that the set-off defendants seek to interpose to plaintiff's note could not be put in as a defense, if they find from the evidence that the defendants, or either of them, at the time the services were rendered, were members of the bank, and there had never been a settlement between the parties as partners. If the jury find from the evidence that the defendants were members of the said bank, then the counterclaim or set-off which they seek to interpose could not be put in as a defense to the note sued on." (2) "Plaintiff further asks the court to instruct the jury that if they find from the evidence that new parties instituted this suit in question, who were not members of the bank at the time the defendants allege that the services were

performed which they seek to interpose as a set-off in this case, that such set-off could not be put in against the plaintiff in this suit, and they will not consider that part of the defense." The court refused these instructions, and appellant duly excepted. The item for services to the bank could not be pleaded as a counterclaim. It was not a cause of action "arising out of the contract or transaction set forth in the complaint, as the foundation of the plaintiff's claim or connected with the subject of the action," as required in section 5034, Mansf. Dig. It could only be pleaded, if at all, as a set-off. Section 5036, Id., is as follows: "A set-off can only be pleaded in an action founded on contract, and must be a cause of action arising upon contract or ascertained by the decision of a court." This definition of a set-off is in accordance with the generally accepted rule on this subject. The debt sued for and that sought to be set off should be mutual debts, and due to each of the parties, respectively, in the same right or character. Consequently the demand of each party must be in the nature of a debt, so that a set-off is excluded in all actions, ex delicto; and it cannot be admitted even in actions ex contractu, if the claim of either party be for uncertain or unliquidated damages. In the case of Collier vs Dyer, 27 Ark. 478, the Supreme Court of Arkansas held that debts to be set off must be due to and from the same parties. It was held, however, in Leach vs Lambeth, 14 Ark. 668, that a debt due from the plaintiff to one of several defendants may be set off, but not when one of several plaintiffs owes the defendant. Collier vs Dyer, supra. There was evidence in the case at bar tending to show that the plaintiff, although known by the same name, was a co-partnership composed of different persons, at the time the suit was brought, from those who composed the firm when the alleged services were rendered. The plaintiff was a private co-partnership, composed of numerous individuals, which adopted as a co-partnership name "The

Citizens Bank." Not being a corporation, the name adopted could not sue or be sued as such. The individuals composing the co-partnership are the plaintiffs in this suit. There was evidence tending to show that the bank had recently been reorganized, and a different partnership had been formed. This contention should have been submitted to the jury. Hence it was error to refuse to submit to the jury the second of the above instructions asked for by appellant.

It also appeared from the evidence that, at the time the alleged services were performed, both Carey and Fitzpatrick were members of the co-partnership which constituted the Citizens' Bank, but that they were not members thereof when the suit was begun. Their claim for services had never been presented to the old co-partnership, and had never been recognized as a subsisting indebtedness. The new co-partnership had no notice of the existence of such a demand until after the suit was instituted. The appellees must look to the old co-partnership, of which they were members, for the allowance and payment of their alleged claim for services. Hence the first of the above instructions should also have been given. If they have a claim for services which should be allowed, it is against a different co-partnership from that which institutes this suit. At least, there was testimony in the record which strongly tended to establish this fact, and the question should at least have been submitted to the jury.

There is a contention in the brief of appellees that the motion for a new trial, having been made after judgment, came too late. The motion was made on the same day that the jury returned its verdict. But the court entered a judgment on the verdict as soon as it was rendered. Counsel for appellees contend that under rule 18 of this court a notice of a motion for new trial should have been given at once on rendition of the verdict, and, failing in this, the court was

authorized to enter judgment, and that thereafter the motion for new trial could not be made. The rule must be construed in view of the provisions of the statute. Section 5153 of Mansfield's Digest is as follows: "The application for a new trial must be made at the term the verdict or decision is rendered, and, except for the cause mentioned in subdivision seven of section 5151, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented." The exception in paragraph 7 is on account of newly-discovered evidence, material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial. The entering of judgment on a verdict of a jury cannot deprive the party applying of his statutory right to file his motion for a new trial within three days after the verdict or decision was rendered.

Upon a careful examination of the record in this case, this court is of the opinion that the appellant is entitled to a new trial. The decision of the court below is reversed, the verdict of the jury is set aside, and the cause remanded for a new trial in accordance with this opinion.

CLAYTON, J., concurs. TOWNSEND, J., not participating.