SMITH VS ARMOUR PACKING CO.

Opinion rendered November 24, 1906.

(98 S. W. Rep. 165).

1. *Partnership—Trover and Conversion.*

Plaintiff entered into a contract with one T. to purchase cattle, the former to have the absolute title ˙ and furnish the money, the latter to care for and feed said cattle, the profits therefrom to be divided.  *Held;* Conceding that this did not make them partners in the sense that the cattle could have been levied upon to satisfy the debts of T, tken in conjunction with the fact that T. had previously sold cattle so held and owned to defendant, and plaintiff had ratified it by accepting the proceeds of said sale, gave T. the right to disopse of the cattle and pass title to the purchaser.

Appeal from the United States Court for the Southern District of the Indian Territory; before Justice J. T. Dickerson, June 25, 1904.

Action by C. R. Smith against the Armour Packing Company. From a judgment for defendant, plaintiff appeals. Affirmed.

This is an action for conversion of 77 head of cattle. The evidence shows that C. R. Smith employed one John Thrasher to purchase cattle.  Smith was to furnish the money and Thrasher was to buy and feed the cattle until ready for market.  About 126 head were purchased, and they were·sold in ‚two different shipments, about 50 in the first and 77 in the second.  Smith received the proceeds of the first shipment, but brings this action against the Armour Packing Company

for converting the 77 head, which he claims were sold without his knowledge or consent. The court below, after hearing the evidence, instructed the jury to return a verdict for the defendant, appellee, from which plaintiff appeals.

*Ledbetter & Bledsoe*, for appellant.

*Potterf & Bowman*, for appellee.

CLAYTON, J. (after stating the facts). The court below instructed the jury to return a verdict for the defendant on the ground that Smith and Thrasher were partners, and counsel for appellants devote the greater part of their argument in an endeavor to show that there was no partnership, and that Thrasher only had authority to buy, and not to sell. Under the facts in this case we think it is immaterial whether they were partners or not. Smith testified that the cattle contract was verbal, but was the same as a mule contract which he had made with Thrasher some time before that. This mule contract was offered in evidence, and identified by Smith. It provides as follows: "The said mules so purchased by the said Thrasher are to be the sole and exclusive property of the said C. R. Smith, and are to be held by the said Thrasher at his own expense, and the said Smith is not to be charged with any expense for the care, feeding and expense of keeping said mules. When said mules are sold, the purchase price of same shall be retained by the said C. R. Smith, and all moneys received from the sale of said mules, after the purchase price has been so returned to said C. R. Smith, shall be equally divided between said C. R. Smith and John Thrasher, and the said Thrasher is not to be charged with any interest on the money advanced by said Smith in the buying of said mules." Even conceding that this did not make them partners in the sense that the cattle could have been levied upon for the debts

of Thrasher, taken in connection with the fact that Thrasher had, prior to the sale in controversy, sold 50 head of cattle bought under this contract, and Smith had ratified it by accepting the proceeds of the sale, it undoubtedly gave Thrasher the right to dispose of the cattle and to pass title to the purchaser. Smith had put him in possession of the cattle, a badge of ownership, and, unless some collusion with the purchaser was shown, Smith would be as much bound by Thrasher's acts as if they were, in fact, partners. Trapnall vs Burton, 24 Ark. 371; Jowers vs Phelps, 33 Ark. 465.

Finding no error in the record, the judgment of the court below is affirmed.

GILL, C. J., and LAWRENCE, J., concur.