## MULLEN v. THAXTON.

No. 198.   Opinion Filed September 14, 1909.

(104 Pac. 359.)

1. **CONTRACTS—Discharge—New Agreement.** A contract may be discharged, at any time before the performance is due, by a new agreement with the effect of altering the terms of the original agreement or of rescinding it altogether; and a claim under the original contract may then be met by the new agreement, so far as the latter operates to alter or rescind the former.

2. **APPEAL AND ERROR—Harmless Error—Ruling on Demurrer.** Although a demurrer may have been improperly overruled, yet, if the demurrant was not harmed by such ruling, judgment will not be reversed on account of the harmless error.

3. **APPEAL AND ERROR—Harmless Error—Rulings on Evidence.** The improper admission or rejection of evidence, if not prejudicial to the party complaining, is not ground for reversal.

4. **PRINCIPAL AND AGENT—Apparent Authority—Question for Jury.** The apparent authority of an agent is to be gathered from all the facts and circumstances in evidence, and is a question of fact for the jury.

5. **APPEAL AND ERROR—Harmless Error—Error Without Prejudice.** The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect. Williams and Hayes, JJ,. dissenting.

(Syllabus by the Court.)

*Error from District Court, Love County; S. H. Russell, Judge.*

Action by J. S. Mullen against S. H. Thaxton. Judgment for defendant, and plaintiff brings error. Affirmed.

*Cottingham & Bledsoe,* for plaintiff in error, citing: Mechem on Agency, § 276; *Chaffe v. Stubbs,* 37 La. Ann. 656; *Van Eppes v. Smith,* 21 Ala. 317; *Mfg. Co. v. Whitehurst,* 72 Fed. 496; *Hayes v. Campbell,* 63 Cal. 133; *Davidson v. Porter,* 57 Ill. 300; *Tidwick v. Rice,* 13 Iowa, 214; *Dayton x. Burford,* 18 Minn. 126; *Berry v. Anderson,* 22 Ind. 36.

*Eddleman & Graham,* for defendant in error, citing: Mechem on Agency, §§ 6, 283, 284, 278, 106, 310, 312, 395, 279-283; *Union, etc., Co. v. Mallory, etc., Co.* (Ill.) 48 Am. St. Rep. 345; *Smith v. Armour,* 6 Ind. T. 479; *Law v. Cross,* 66 U. S. 533; *General C. & S. Co. v. Cox* (Ohio) 113 Am. St. Rep. 959; *Johnson v. Milwaukee, etc., Co.* (Neb.) 64 N. W. 1100; *Gallinger v. Traffic Co.,* 67 Wis. 529.

KANE, C. J. This was an action, instituted in the United States Court for the Southern District of the Indian Territory, at Ardmore, by the plaintiff in error, plaintiff below, against the defendant in error, to recover on a promissory note in the sum of $487·50. An attachment was sued out and levied upon 60 acres of cotton and 30 acres of corn, both ungathered, 2 pair of mules, and 20 head of hogs belonging to the defendant, and he was appointed custodian, and continued in charge thereof until the trial of the cause. For answer the defendant alleged, in substance, that he signed and delivered the promissory note sued upon, on the 27th day of September, 1906; that said note was entered into in payment of a certain rental contract for the year 1907 for certain lands described in said contract, and that thereafter plaintiff and defendant entered into another and further contract, whereby said first rental contract for the year 1907 was canceled and in all things revoked by said subsequent contract, and plaintiff then and there agreed and promised defendant to surrender to said defendant said note given for the rental

under said first contract; that in compliance with said subsequent contract defendant at the expiration of his tenure for the year 1906 removed from said lands, and surrendered the possession thereof to plaintiff, and that plaintiff took possession of said lands, as in said subsequent contract it was agreed he should do, but wrongfully, falsely, and fraudulently withheld and failed to deliver said note to defendant; that defendant has not occupied any lands of the plaintiff for the year 1907, and that said note is wholly without consideration, has long since been canceled, and should have been delivered to defendant. For further answer the defendant set up the attachment issued against him and levied upon his property, and alleged that the same was wrongfully issued and levied, and that he had been damaged by reason of its issuance and levy, and was entitled to recover actual and punitive damages in the sum of $500. The reply of the plaintiff was a general denial.

After statehood the cause was transferred to the district court in and for Love county, on a motion of the defendant. On the 7th day of January, 1908, the defendant filed a motion to discharge the attachment setting up, in substance, the allegations of his petition, and further alleging that the defendant was not, at the time of the institution of this suit, or at any time prior or subsequent thereto, about to remove his property, or any material part thereof, out of what was then the Indian Territory, and not leave enough to satisfy the claim of plaintiff; that defendant had not removed, nor was he about to remove his property, or any part, from said territory at or prior to the issuance of the attachment, not leaving enough therein to satisfy the plaintiff's claim; that defendant had not sold, conveyed, or otherwise disposed of any property, or permitted it to be sold with the aim of defrauding and cheating his creditors, and defendant was not at said time about to sell or otherwise dispose of his property with any such intent. On the 15th day of January, 1908, the defendant moved the court to pass upon his motion to discharge the attachment, and the controverting affidavit of de-

fendant to advance it ahead of the trial upon its merits was by the court overruled, and said motion was not passed upon until the case was tried upon its merits.

Upon the issues thus joined the case was tried to a jury, which returned a verdict in favor of the defendant in the sum of $55, upon which judgment was duly entered by the court as follows:

"It is therefore ordered, adjudged, and decreed by this court that the plaintiff, J. S. Mullen, take nothing in this behalf, that the attachment herein be dissolved and held for naught, and that the defendant, S. H. Thaxton, do have and recover of plaintiff, J. S. Mullen, the sum of $55, with legal interest from date, together with all of his costs in this behalf incurred or expended, and that execution issue therefor."

The plaintiff, being dissatisfied with the judgment rendered against him, prosecuted his appeal to this court by case-made and petition in error.

A great many errors are assigned, but we will only notice those argued by counsel for plaintiff in error in their brief, and will take them up in the order therein set out.

The first and second assignments of error are argued together. The first is that the court erred in overruling the first ground of the plaintiff's demurrer to the defendant's answer, and the second is that the court erred in overruling the second ground of the plaintiff's demurrer to the defendant's answer. Counsel insist that by his answer the defendant seeks to claim a rescission of a written contract, and a note signed and delivered by himself to the plaintiff, without the payment of any consideration of any character, and without either party surrendering the written obligation in his possession, and with the plaintiff in possession of the rental note and rental contract, insisting upon the defendant's liability thereon, and that this is insufficient to constitute rescission. It seems to us the answer states facts sufficient to constitute a mutual abandonment of the original contract.

"As a contract is the result of agreement, so an agreement may put an end to a contract. Therefore a contract may be dis-

charged at any time before the performance is due, by a new agreement with the effect of altering the terms of the original agreement or of rescinding it altogether; and a claim under the original contract may then be met by the new agreement, so far as the latter operates to alter or rescind the former." (9 Cyc. 593.)

This was the theory of the defense, and the theory upon which the case was tried by both sides. But even though the facts alleged in the answer may not have constituted a defense, yet under the circumstances of this case we cannot see how the plaintiff was harmed by the order overruling it.

"Although a demurrer may have been improperly overruled, yet, if the demurrant was not harmed by such ruling, judgment will not be reversed on account of the harmless error." (6 Enc. of P. & P. p. 368.)

After the demurrer was overruled, the issues were joined, and the parties proceeded to trial, fully understanding the issues involved in the case.

The next four assignments argued are based upon the rejection and admission of evidence by the trial court. The rule is well established that the improper admission or rejection of evidence, if not prejudicial to the party complaining, is not ground for reversal. *Frick v. Reynolds et al.*, 6 Okla. 638, 52 Pac. 391; *Noble v. Worthy*. 1 Ind. T. 458, 45 S. W. 137; *Citizens' Bank v. Carey*, 2 Ind. T. 84, 48 S. W. 1012. We have looked the record over carefully, and are of the opinion the rights of the plaintiff were in no way prejudiced by any rulings of the court in excluding or admitting evidence.

The first assignment of error on this ground is a fair example of all the rest. It is as follows, as copied from the brief of counsel for plaintiff in error:

"The tenth assignment of error is as follows: Because the court erred in permitting the following question to be asked, and the following answer given: 'Q. Do you know whether or not he ever canceled any contracts as Mr. Mullen's agent? A. He canceled one with me.' The plaintiff objected to this question and answer, and the court overruled the objection, stating directly that he

would permit the defendant to answer that 'He (plaintiff) canceled one with me.' · The chief question in controversy in this action was whether or not the contract entered into between the plaintiff and defendant had been canceled. That was the chief issue for the jury to try. Certainly · it was incompetent and highly prejudicial to permit the defendant himself to testify to as a conclusion what was the net result of the transactions he claimed had been had looking toward the cancellation of the contract, as it was the very issue that was being tried by the jury. It is respectfully submitted that this was clearly erroneous."

It is not entirely clear that this question was inadmissible. It was presumably offered for the purpose of showing the scope of the authority of Mr. Mullen's agent; and, as that was one of the questions in the case, it was quite important to establish it. If the evidence was incompetent for that purpose, the foregoing excerpt from the brief of counsel, and we have quoted their argument on this proposition in full, does not point out with ·sufficient clearness wherein it was incompetent, and how the plaintiff was injured by its admission. The question and answer may be objectionable in form, · but that is not a sufficient ground upon which to reverse the case.

The next and last assignment of error argued by counsel is that the court erred in refusing to sustain the demurrer· to the evidence at the close of the defendant's evidence. Considerable of the evidence taken at the trial is copied into the brief of counsel for plaintiff in error in support of this assignment. It is claimed that this evidence shows that Mr. Harper, the agent of Mr. Mullen, the plaintiff, acted beyond the scope of his authority in canceling the original rental contract and the promissory note given in consideration thereof. The appointment of the agent being by parol, it was for the jury to determine from the facts as developed by the evidence, and the instructions of the court, whether an agency existed, and if so, its nature and extent. Mechem on Agency, § 106; *Law v. Cross,* 1 Black, 533, 17 L. Ed. 185. In the case at bar it was not contended that Mr. Harper was not the agent of Mr. Mullen for the general purpose of

renting certain lands belonging to Mr. Mullen, and after the lands were rented, according to Mr. Mullen's testimony, "If a man wanted to change his contract, as, for instance, from money rent to a third or fourth, or if Mr. X. lived upon the place, and he desired to go to Mexico, and let Mr. Y. move there, or Mr. Z., he had to get my consent to do it. Along in the summer he was to report to me from time to time what farmers on the places were neglecting to cultivate their crops, so that close attention would be paid to the collection of that particular rent from that particular person in the fall. In the fall of the year he was authorized to receive the rents and send them to me. He had no right or authority to revoke, annul, or amend a contract without my consent." It is true Mr. Mullen testified that his agent's authority stopped short of the act he performed in this particular case, but to our mind there was sufficient evidence aside from that introduced at the trial to justify the court below in submitting the case to the jury. It appears from the evidence that Harper, in the course of his appointment, in the discharge of his duties, changed and canceled rental contracts already made, when in his judgment he deemed it best. This practice continued for at least three years; and, while it seems that his principal was not always entirely pleased with this method of doing business, yet he reluctantly concurred in it, and so far as the evidence shows he never, except in the case at bar, refused to approve the judgment of his agent in the matter of the cancellation of these contracts, and his refusal then occurred long after the rental contract should have been executed.

"The authority of an agent in an given case * * * is an attribute of the character bestowed upon him in that case by the principal. Thus if the principal has by his express act, or as the logical and legal result of his words or conduct, impressed upon the agent the character of one authorized to act or speak for him in a given capacity, authority so to speak and act follows as a necessary attribute of the character, and the principal having conferred the character will not be heard to assert, as against third persons who have relied thereon in good faith,

that he did not intend to impose so much authority, or that he had given the agent express instructions not to exercise it. The latter question is one to be settled between the agent and himself. It rested with the principal t o determine in the first instance what character he would impart, but, having made the determination and imparted the character, he must be held to have intended also the usual and legal attributes of that character." (Mechem on Agency, § 278; *Smith v. Armour Packing Company,* 6 Ind. T. 479, 98 S. W. 165.)

"The apparent authority of an agent is to be gathered from all the facts and circumstances in evidence, and is a question of fact for the jury." (*Ricker National Bank v. Stone,* 21 Okla. 833, 97 Pac. 577.)

We have examined all of the assignments of error presented by counsel for plaintiff in error, and are satisfied that none of them affect any of his substantial rights. Section 4344, Wilson's Rev. & Ann. St. 1903, provides that:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

The judgment of the court below is affirmed.

Dunn and Turner, JJ., concur; Hayes and Williams, JJ., dissent.