## CLEVELAND NAT. BANK v. AMOS.

No. 2809. Opinion Filed June 19, 1913.

(133 Pac. 204.)

1. **PAYMENT—Application—Right to Direct.** Where a party is indebted to a bank on two separate promissory notes, and remits draft to be applied on his indebtedness, he has the right to direct on which note the payment shall be applied.

2. **SAME—Ratification.** Where a party indebted to a bank on two separate promissory notes remits draft, with instructions to apply same in payment of one note, and the bank disregards such instructions and applies same to the payment of the other note, and the subsequent acts of the debtor tend to show an acquiescence on his part in the application of the payment, and such fact is in issue at the trial, it is error for the court to refuse an instruction on such issue.

(Syllabus by Harrison, C.)

*Error from County Court, Pawnee County;*
*Fred S. Liscon, Judge.*

Action by the Cleveland National Bank against James Amos. Judgment for defendant, and plaintiff brings error. Reversed.

*Wm. Blake* and *A. C. Hazlett,* for plaintiff in error.
*Orton & McNeill,* for defendant in error.

Opinion by HARRISON, C. The question herein presented grew out of an action in replevin by the plaintiff in

error against James Amos to replevy a certain mule, possession of which plaintiff claimed by virtue of a chattel mortgage and defendant claimed by virtue of purchase at public sale. The facts out of which the questions here presented grew were: That one L. R. Crumpton was indebted to the plaintiff bank on two certain promissory notes, one for $49.25, secured by a chattel mortgage on the mule in question; the other for $50.75, secured by mortgage on a buggy and harness. The payment of each note had been extended, but the $50.75 note became due first. At a public sale, designated in the record as "Baker's sale," Crumpton, the mortgagor, had the mule sold. James Amos, the defendant below, purchased the mule at said sale. At the time of the sale the mortgage from Crumpton to the Cleveland National Bank was in force and was of record. James Amos, the purchaser of the mule, gave his promissory note to L. R. Crumpton for the purchase price, and at maturity thereof paid the amount due to Crumpton. Whereupon Crumpton with the proceeds purchased a draft for $50 from the Terlton State Bank and instructed said bank to send the draft to the Cleveland National Bank, with instructions to apply same in payment of the mule note. The Cleveland National Bank applied said payment on the $50.75 note, and wrote the Terlton Bank what had been done, and notified the Terlton Bank that there was 75 cents yet due on the note, which 75 cents was afterwards sent to the Cleveland National Bank by the Terlton State Bank, was credited on the note, and the note canceled and sent to the Terlton State Bank to be delivered to the maker, L. R. Crumpton. Crumpton accepted the note without making any objections at that time to the application of the payment. Some time thereafter, when the mule note for $49.25 became due, Crumpton had the time of payment extended. The record does not show clearly whether or not the note had become due under the last extension at the time this action was brought; but, the mortgaged mule being in possession of the defendant, Amos, the plaintiff bank brought suit for the possession of the mule under its mortgage.

The defendant, Amos, claimed the mule by virtue of his purchase at the sale aforesaid, and claimed that the bank, having misapplied the payment intended for the mule note, and having violated the instructions as to which note to apply such payment on, had no right to the mule. The cause was tried, and a verdict and judgment rendered in favor of defendant, Amos, because of the aforesaid misapplication of the payment.

It is contended by defendant in error that the only issue to be tried was whether Crumpton had directed what note the payment should be applied on, and whether the bank had violated its instructions and misapplied the payment, and that the only question presented here is whether there was sufficient evidence to sustain the verdict of the jury. On the other hand, it is contended by plaintiff in error that the decisive question presented here is, conceding that the bank had misapplied the payment, whether the mortgagor, Crumpton, by accepting the canceled note, had, by subsequently extending the mule note, acquiesced in the application of the payment. This contention we think under the record is sustained.

It is conceded by plaintiff in error in its supplemental brief that the debtor, Crumpton, had the right to direct which note the payment should be applied on, that he instructed the plaintiff bank to apply the payment on the mule note, and that the bank had violated such instruction by applying such payments on the other note; but it contends that by accepting the canceled note without objection, and by afterwards going to the bank and procuring an extension of time for the payment of the mule note, he acquiesced in the application of the payment and could not now be heard to complain. At the trial of the cause plaintiff asked for a peremptory instruction in its favor, on the ground that the debtor had acquiesced in the application of the payment, which instruction the court refused to give. Plaintiff then offered an instruction to the effect that if the jury found from the evidence that the money received by the Cleveland National Bank from Mr. Crumpton was applied to the payment of the $50.75 note as against the in-

struction of Mr. Crumpton, but that if Mr. Crumpton received the note paid and canceled, and retained same without objection, and afterwards extended the note in question, that such acts constituted an acquiescence and ratification on the part of Mr. Crumpton to the application of the money, and that in such case the jury should find for the plaintiff. This instruction was also refused by the court, and the refusal to give same is assigned as error. There was some conflict in the testimony as to whether the plaintiff bank was instructed as to which note to apply the payment on; but since the jury found from the evidence that such instruction was given, and that the payment was applied on a certain note, it is conceded by plaintiff in error, for the purpose of this case, that the instructions were given, and that the bank misapplied the payment.

That the debtor has a right to direct the application of payments is a well-settled principle of law. This was held by this court in *Carson et al. v. Cook County Liquor Co., ante,* 130 Pac. 303, and supported by an exhaustive list of authorities therein cited. It is needless, therefore, to discuss this phase of the question. It is also held in *Cardinell v. O'Dowd,* 43 Cal. 586, *Bird v. Benton & Bros.,* 127 Ga. 371, 56 S. E. 450; *Citizens' Bank v. Carey et al.,* 2 Ind. T. 84, 48 S. W. 1012, *Dorsey v. Waymen,* 6 Gill (Md.) 59, *Hubbell v. Flint,* 81 Mass. (15 Gray) 550, *Flarsheim v. Brestrup,* 43 Minn. 298, 45 S. W. 438, and *Spencer Optical Mfg. Co. v. Jump,* 10 N. Y. St. Rep. 130, that although a payment may have been misapplied, if the debtor receives the canceled note or account without objection, or, as in the case at bar, accepts the canceled note and subsequently renews the note on which he had directed payment to be made, he is held to have ratified the application of payment, and that in such cases it is reversible error to refuse an instruction on such theory. In the case at bar there was evidence undenied that Mr. Crumpton accepted the cancelled note without objection to the application of payment, and that he afterwards, still without objection or protest, renewed the note secured by the mortgage on the mule. Under this state of

facts, in the absence of some other paragraph of the court's charge covering this phase of the case, it was error to refuse the instruction offered by plaintiff.

Therefore the judgment should be reversed, and the cause remanded.

By the Court: It is so ordered.