## SHAWNEE-TECUMSEH TRAC, CO. v. CAMPBELL.

No. 7343.   Opinion Filed December 14, 1915.

Rehearing Denied February 29, 1916.

(155 Pac. 697.)

1.   PARENT AND CHILD—Injuries to Child—Loss of Services—
Party in Interest—Question for Jury.   Record examined, and
held, that there was sufficient evidence adduced at the trial to
take the case to the jury upon the question whether the plaintiff
had relinquished his parental authority and control over his
minor child and turned over to another the duty of his care,
custody, support, and education.   Held, further, that an examina-
tion of the entire record discloses that the parties have had a fair
and impartial trial according to the forms of the law, and sub-
stantial justice has been done.

2.   APPEAL AND ERROR—Ground for Reversal—Nonprejudicial
Errors—Instructions.   In such circumstances, by virtue of section
6005, Rev. Laws 1910, errors based upon nondirection or mis-
direction of the jury do not constitute sufficient ground for setting
aside or reversing the judgment of the trial court.

(Syllabus by the Court.)

*Error from District Court, Pottawatomie County;
Chas. B. Wilson, Jr., Judge.*

Action by Oscar Campbell against the Shawnee-Te-
cumseh Traction Company.   Judgment for plaintiff, and
defendant brings error.   Affirmed.

*Abernathy & Howell,* and *Blakeney & Maxey,* for
plaintiff in error.

*H. H. Smith,* for defendant in error.

KANE, C. J.   This was an action for damages for
personal injuries, commenced by the defendant in error,
plaintiff below, Oscar Campbell, against the plaintiff in
error, defendant below, Shawnee-Tecumseh Traction Com-

pany. Hereafter, for convenience, the parties will be called "plaintiff" and "defendant," as they appear in the court below. After the issues were joined, there was trial to a jury, which returned a verdict in favor of the plaintiff in the sum of $1,500, to reverse which this proceeding in error was commenced.

The assignments of error argued by counsel for defendant are stated in their brief as follows:

"(2) The court erred in giving instructions to the jury as follows, to wit: Nos. 1, 2, 3, 4, 5, 6, and 7; (3) the court erred in refusing to give instructions to the jury, requested by the defendant, as follows: Nos. 1, 2, 3, 4, and 5."

The first assignment argued by counsel relates to error of the court in refusing to give instruction No. 1, which reads as follows:

"You are instructed to return a verdict in this case for the defendant, Shawnee-Tecumseh Traction Company."

The evidence was to the effect that whilst the plaintiff and his minor son, Forrest, aged 11 years, were passengers upon one of the cars of the defendant, the latter, on the 26th day of November, 1912, received injuries from which, on the following day, he died. The request for a directed verdict is predicated upon the theory that the plaintiff is not entitled to recover any damages because, they say, when the child was about six months old, the father voluntarily relinquished his parental authority and control over him and turned over to another the duty of his care, custody, support, and education. *Chaloux v. International Paper Co.*, 75 N. H. 281, 73 Atl. 301, 139 Am. St. Rep. 690, is cited in support of this contention. The doctrine that a parent's right to the services and earn-

ings of his minor child is not absolute, but contingent upon his providing support for the infant and retaining parental control over him, finds support in the authorities, but we are not convinced that it is applicable to the case at bar. In this case the evidence tends to show that the child's mother died when he was about six months old; that his father married again, and in a short time lost his second wife, since which time he has been practically without a home; that shortly after the death of his first wife the child, by an arrangement between his father and his maternal grandparents, took up his residence with the latter, where he continued to reside for about 10½ years immediately preceding the accident. The child's grandfather sent him to school, and intended to continue to send him to school until he got an education. From the abstract of the evidence furnished by counsel for defendant in their brief, we are unable to say just how often the father and son visited each other during the time the latter resided with his grandparents, but it is certain that at the time of the accident the child was visiting with his father, and that the father furnished him, from time to time, such clothing and money as his financial condition permitted. In our judgment, this did not show such voluntary release of parental authority as to bar the plaintiff from his right to recover such compensatory damages for the loss of the services of his child as the evidence seemed to warrant. Circumstances often require a parent to make such arrangements for the care, custody, and education of his children as will deprive him of their society; but it does not necessarily follow that he has thus voluntarily released his parental authority over them, or affected in any way the rights and liabilities incident to the relation of parent and child. In the case before us,

the jury had presented to them all the evidence in the case, not only showing the condition of the child's health, his age, his intelligence, his ability to earn money, etc., but also his residence with his maternal grandparents, the arrangement whereby this residence was brought about, and the efforts of the father to furnish him with such clothing, money, etc., as his means warranted. The jury found that in the circumstances of the case, the father was entitled to recover the sum of $1,500 for the loss of his son's services. We think this was a conservative verdict, and fully justified by the facts and circumstances of this case. It is impracticable to furnish direct evidence of the specific loss occasioned by the loss of a child, and to hold that without such positive proof a plaintiff could not succeed would, in effect, defeat any substantial recovery. *Union Pac. Ry. Co. v. Dunden*, 37 Kan. 1, 14 Pac. 501; *A., T. & S. F. R. Co. v. Fajardo*, 74 Kan. 314, 86 Pac. 301, 6 L. R. A. (N. S.) 681; *Railway Co. v. Cross*, 58 Kan. 424, 49 Pac. 599.

Having arrived at the conclusion that the plaintiff is entitled to recover in some amount, we do not deem it necessary to examine in detail the other assignments of error, which are all based upon misdirection or nondirection of the jury. By section 6005, Rev. Laws 1910, such errors do not furnish a sufficient basis for setting aside a judgment, unless in the opinion of the appellate court, after an examination of the entire record, it appears that the errors complained of have probably resulted in a miscarriage of justice, or constitute a violation of a substantial right of the complaining party. *Mullen v. Thaxton*, 24 Okla. 643, 104 Pac. 359. On the contrary, in the case at bar, from an examination of the entire record, we are

satisfied that the parties have had a fair and impartial trial, and that substantial justice has been done.

For the reason stated, the judgment of the court below is affirmed.

All the Justices concur.