**HUGO ICE & LIGHT CO. v. RICHARDSON et al.**

No. 10724—Opinion Filed Sept. 26, 1922.

(Syllabus.)

1. **Appeal and Error — Harmless Error — Statute.**
The Supreme Court, in every stage of action, is required by statute (sections 4791 and 6005, Rev. Laws 1910) to disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party. Mullen v. Thaxton, 24 Okla. 643, 104 Pac. 359.

2. **Warehousemen—Liability for Loss or Injury to Goods—Statute.**
By statute (section 21, c. 288, Session Laws 1915), "a warehouseman shall be liable for any loss or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise, but he shall not be liable, in the absence of any agreement to the contrary, for any loss or injury to the goods which could not have been avoided by the exercise of such care."

3. **Same — Implied Obligations of Cold Storage Company.**
In the absence of express contract, a cold storage company impliedly contracts to keep the ordinary cold storage temperature for the preservation of the property received.

4. **Same — Judgment for Damages — Sufficiency of Evidence—Harmless Error.**
Record examined, and held: (1) That the judgment of the lower court is sufficiently supported by the evidence; (2) that the errors complained of did not result in a miscarriage of justice or deprive the defendant of any substantial constitutional or statutory right.

Error from District Court, Choctaw County; J. W. Bolen, Assigned Judge.

Action by M. J. Richardson and another, partners, against the Hugo Ice & Light Company for damages to goods in cold storage. Judgment for plaintiffs, and defendant brings error. Affirmed.

Jordan & Burke, for plaintiff in error.

Howe & Stanley, for defendants in error.

KANE, J. The defendants in error, hereinafter referred to as plaintiffs, commenced this action for damages against the plaintiff in error, hereinafter called defendant, for injury to the plaintiffs occasioned by the failure of the defendant to exercise ordinary care in the performance of its duty as a warehouseman.

The plaintiffs alleged, in substance, that the defendant was, on the 6th day of April, 1917, engaged in the business of wholesaling a nonintoxicating drink, known as "Barma"; that about such date an agreement was made with defendant to place in cold storage certain kegs of this product for keeping the same until such time as plaintiffs should call for same and pay the defendant its regular charges for cold storage. About the 8th day of May, 1917, the plaintiffs, with consent of defendant, under the foregoing contract, which was verbal, placed in storage house of said defendant 154 kegs of Barma; that said defendant carelessly allowed the temperature of said cold storage room to get so low that 27 kegs thereof froze and were a total loss to plaintiffs, the value of said Barma being $256.50. It was further alleged that plaintiffs paid the said defendant the sum of $37.88 for the cold storage in accordance with its regular tariff and rates; and prayed judgment against the defendant for $256.50.

In the answer to this petition, the defendant, after admitting its incorporation and denying each and every allegation that the petition contained, except such as were thereinafter specifically admitted, alleged:

"* * * That the said M. J. Richardson, on several occasions, talked with the said J. W. Dawley concerning the storage of said kegs in said ice-storage vault, and was informed by the said J. W. Dawley, manager of defendant, Hugo Ice & Light Company, that the defendant, Hugo Ice & Light Company, was not conducting a public cold-storage warehouse, but that the purpose for which said ice-storage vault was constructed, and for which it was used, was the storage of ice manufactured by defendant, and on said occasions the said M. J. Richardson was informed by the said J. W. Dawley that the temperature maintained in said ice-storage vault was from 26 degrees to 30 degrees above zero, Fahrenheit, and that said ice-storage vault was not suitable for general storage purposes, for the reason that 'the temperature of said vault was always maintained at below the freezing point, but that if the said M. J. Richardson desired 'to store the said kegs in said ice-storage vault, he might store as much of said commodity herein as could be done without interfering with the business of the defendant and stored in said ice-storage vault, and that if said M. J. Richardson desired to store said beverage in said ice-storage vault, he could do so at his own risk as to the damages liable to result from freezing."

And further defendant states:

"* * * That the said M. J. Richardson stated to employes of defendant that he had investigated conditions in other ice-storage vaults where the temperature was maintained at a much lower degree 'than in the ice-storage vault of defendant, and that the same commodity which he was seeking to store in defendant's storage was safely kept in ice-storage vaults where a temperature of a much lower degree was maintained than in defendant's ice-storage vault, and that the said M. J. Richardson stated to employes of defendant that he had no fear of damage to the said kegs of Barma should they be stored in defendant's ice-storage vault, and the said M. J. Richardson insisted with employes of the defendant and with J. W. Dawley, the manager of defendant, that he be permitted to store the said kegs of Barma in said ice-storage vault. * * *"

The reply of the plaintiffs to the defendant's answer denied each and every allegation contained therein.

Upon the issues thus joined, there was trial by jury, and a verdict and judgment for the plaintiffs as prayed for, to reverse which this proceeding in error was commenced.

The sole ground for reversal relied upon by counsel for plaintiff in error is stated in their brief as follows:

"By the instructions given by the court over the objection of the defendant, and by reason of the refusal of the court to give the instructions requested by defendant, or instructions substantially similar. the question of the contributory negligence of plaintiffs pleaded by defendant and concerning which evidence was offered, was not submitted to the jury, and that the instructions on the question of the contributory negligence of plaintiffs, to the great prejudice of defendant, and by reason of which plaintiffs secured their judgment."

We are unable to agree with counsel that the trial court committed reversible error in the particulars pointed out in the foregoing excerpt from their brief. In the first place, errors of the sort complained of do not, under section 6005, Rev. Laws 1910, furnish a sufficient basis for setting aside the judgment of the trial court, unless, after an examination of the entire record, the Supreme Court is satisfied that the errors complained of have probably resulted in a miscarriage of justice. Mullen v. Thaxton, 24 Okla. 643, 104 Pac. 359. In our judgment, conceding that the actions of the court complained of are erroneous, there is nothing in the record that indicates that the jury were misled, or that the result would have been any different if the requested instructions had been given. In the second place, we are satisfied that the instructions given by the court amply covered the issues joined by the pleadings and proof.

The case, as we have seen, is one of no great difficulty.

The plaintiffs sued the defendant for damages for violation of its duties as a warehouseman under section 21. c. 288, Session Laws 1915, page 554, which provides as follows:

"A warehouseman shall be liable for any loss or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise, but he shall not be liable, in 'the absence of an agreement to the contrary, for any loss or injury to the goods which could not have been avoided by the exercise of such care."

It is conceded that the law prescribing the duty of a warehouseman engaged in the cold storage business is correctly stated in vol. 30, American & English Enc. of Law, page 46. as follows:

"In the absence of express contract. a cold storage company impliedly contracts to keep the ordinary cold storage temperature for the preservation of the property received."

Now, considering the pleadings and the applicable rules of law, this is the case in a

nutshell: The plaintiffs sued the defendant to recover damages for the violation of its duty as the keeper of a cold storage company and introduced evidence tending to support their theory of the case and rested. The defendant answered, "Yes, I received your goods for storage, but by express contract I limited my statutory liability as a warehouseman," and introduced evidence tending to support its theory and rested. The jury found in favor of the plaintiffs. We think the instructions given by the court were sufficient to submit these simple issues to the jury.

For the reasons stated, the judgment of the trial court is affirmed.

JOHNSON. McNEILL, MILLER. KENNAMER. and NICHOLSON, JJ., concur.